# United States Court of Appeals for the Federal Circuit

---

**SARAH BENNETT,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent,*

**and**

**DEPARTMENT OF VETERANS AFFAIRS**
*Intervenor.*

---

2010-3084

---

Petition for review of the Merit Systems Protection Board in case no. PH0752090673-I-1.

---

Decided: March 30, 2011

---

PHILLIP R. KETE, Attorney at Law, of Washington, DC, argued for petitioner.

SARA B. REARDEN, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, argued for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

J. HUNTER BENNETT, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for intervenor. On the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director.

---

Before GAJARSA, PROST, and MOORE, *Circuit Judges*.

GAJARSA, *Circuit Judge*.

This case arises from a decision of the Merit Systems Protection Board ("MSPB"), dismissing Sarah Bennett's ("Bennett") appeal of her removal from her position as a sales clerk in the Veterans Canteen Services ("VCS"). The MSPB dismissed the appeal for lack of jurisdiction. The issue before us is whether an individual hired by the VCS pursuant to 38 U.S.C. § 7802 has appeal rights under chapters 75 and 77 of title 5. For the reasons discussed below, we hold that such an employee does not, and we affirm the MSPB's decision.

## BACKGROUND

Bennett's employment with the VCS began in August 2004 when she was hired as a part-time sales clerk. The VCS extended this temporary appointment on December 11, 2004, and subsequently her appointment was converted to permanent status in the excepted[1] service on May 1, 2005 pursuant to 38 U.S.C. § 7802. Chapter 78 of title 38 provides for the creation and regulation of the

---

[1] Under the Civil Services Reform Act of 1978, individuals in the "excepted service" are those who are neither in the competitive service nor the Senior Executive Service. 5 U.S.C. § 2103. Section 7802(e) of title 38 explains that VCS employees are in the excepted service.

VCS. Specifically, section 7802(e) governs the appointment of VCS personnel. That subsection states that:

> The Secretary shall employ such persons as are necessary for the establishment, maintenance, and operation of the Service, and pay the salaries, wages, and expenses of all such employees from the funds of the Service. Personnel necessary for the transaction of the business of the Service at canteens, warehouses, and storage depots shall be appointed, compensated from funds of the Service, and removed by the Secretary without regard to the provisions of title 5 governing appointments in the competitive service and chapter 51 and subchapter III of chapter 53 of title 5. Those employees are subject to the provisions of title 5 relating to a preference eligible described in section 2108(3) of title 5, subchapter I of chapter 81 of title 5, and subchapter III of chapter 83 of title 5.

38 U.S.C. § 7802(e). Both parties agree that Bennett was not a preference eligible employee.[2] During her employment, Bennett was thus a non-preference eligible employee in the excepted service.

On September 17, 2008, Bennett was notified of her proposed removal from employment for misconduct and given fourteen days to reply. Her alleged misconduct included failing to render proper payment for VCS merchandise, failing to register proper cash register transactions, and violating the VCS employee purchase policy. Bennett appealed the removal decision to the MSPB on September 25, 2009 pursuant to 5 U.S.C. § 7513(d).

---

[2] The individuals who qualify as "preference eligible" are listed in 5 U.S.C. § 2108. These individuals are generally veterans and their close relatives. *Id.*; *United States v. Fausto*, 484 U.S. 439, 440 n.1 (1988).

Chapters 75 and 77 of title 5 relate to adverse actions taken against certain government employees and the rights those employees have to contest such actions. Section 7513(d) gives an employee, as defined by sections 7511(a)(1) and (b), the right to appeal an adverse action to the MSPB.

Although several jurisdictional issues relating to Bennett's appeal were raised,[3] only one is relevant here. The Department of Veterans Affairs ("DVA") asserted in a motion for a stay that the MSPB lacked jurisdiction because Bennett was appointed under 38 U.S.C. § 7802(e), which excluded her from the protections of 5 U.S.C. § 7513(d). The administrative judge ("AJ") granted the stay and issued an order on October 15, 2009, stating that Bennett was "entitled to the hearing she requested only if she makes a nonfrivolous allegation of jurisdiction." *Bennett v. Dep't of Veterans Affairs*, Docket No. PH-0752-09-0673-I-1, slip op. at 2 (M.S.P.B. Oct. 15, 2009). In her response, Bennett argued that the MSPB had jurisdiction because her appeal was filed under chapters 75 and 77 of title 5 and she met the statutory definition of "employee"

---

[3] Initially, in an order to show cause issued four days after Bennett's appeal was filed, the administrative judge ("AJ") ordered Bennett to produce evidence that the MSPB had jurisdiction over her appeal. The AJ believed the MSPB lacked jurisdiction because it appeared that Bennett was challenging a proposed action that had not yet taken place. In response, Bennett submitted evidence to show she was terminated on October 20, 2008, which was before her appeal was filed. This triggered the AJ to issue a second order on October 13, 2009 related to jurisdiction, this time requesting that Bennett show cause why her appeal, which was filed more than 310 days after the thirty day deadline, should not be dismissed for untimely filing or that she had good cause for filing late. While the DVA raised this issue with the MSPB, the MSPB did not render a decision on this issue.

under section 7511(a)(1)(C). The DVA response maintained that Bennett's termination was within the exclusive authority of the Secretary of Veterans Affairs ("Secretary") under 38 U.S.C. § 7802(e) and the provisions of title 5 were inapplicable. Bennett replied that because the VCS was not explicitly excluded from chapter 75, she had appeal rights from an adverse employment action.

In his initial decision of December 7, 2009, the AJ found that Bennett's appointment was made pursuant to 38 U.S.C. § 7802(e) and dismissed her appeal. The AJ adopted the reasoning in *Chavez v. Dep't of Veterans Affairs*, 65 M.S.P.R. 590 (1994), which held that certain non-preference eligible employees in the excepted services—like Bennett—were excluded from the appointing provisions of chapter 75 of title 5. Neither party petitioned the MSPB to review the AJ's decision, and, pursuant to 5 C.F.R. § 1201.113, the AJ's initial decision became the final decision of the MSPB on January 11, 2010. Bennett then timely filed her appeal with this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) and 38 U.S.C. § 4324(d).

### STANDARD OF REVIEW

Our review of MSPB decisions is limited under 5 U.S.C. § 7703(c). The MSPB's holding must be affirmed unless it is found to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Barrett v. Soc. Sec. Admin.*, 309 F.3d 781, 785 (Fed. Cir. 2002). The MSPB's determination that it lacked jurisdiction is a question of law that the court reviews de novo. *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995).

DISCUSSION

The MSPB's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule or regulation. *Maddox v. Merit Sys. Prot. Bd.*, 759 F.2d 9, 10 (Fed. Cir. 1985). As the petitioner, Bennett bears the burden of proving the MSPB's jurisdiction over her appeal by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2)(i); *Yates v. Merit Sys. Prot. Bd.*, 145 F.3d 1480, 1483 (Fed. Cir. 1998). The question we address is whether the MSPB has jurisdiction over an appeal of removal by an employee, such as Bennett, who was appointed by the VCS pursuant to 38 U.S.C. § 7802. The resolution of this question depends on (1) whether 38 U.S.C. § 7802(e) excludes VCS employees from the right to appeal under 5 U.S.C. § 7513(d); and (2) whether the amendments to 5 U.S.C. §§ 7511(a)(1), (b) remove any limitations on the right to appeal imposed by 38 U.S.C. § 7802(e).

I.

It is a basic rule of statutory construction that "[a] statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant . . . ." *Corley v. United States*, 129 S.Ct. 1558, 1556 (2009) (citation omitted) (internal quotation marks omitted). "[T]he starting point in every case involving construction of a statute is the language itself." *Santa Fe Indus., Inc. v. Green*, 430 U.S. 462, 472 (1977) (quotation marks omitted). "It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Nat'l Ass'n of Home Builders v. Defenders of Wildlife*, 551 U.S. 644, 666 (2007) (citations omitted) (internal quotation marks omitted). If a statute requires interpretation beyond the

terms of the language, we can use its legislative history to inform the statutory interpretation—analysis of legislative history is also a "traditional tool of statutory construction." *Zuni Public Sch. Dist. No. 89 v. Dep't of Educ.*, 550 U.S 81, 106 (2007) (Stevens, J. concurring).

"If, however, the court determines Congress has not directly addressed the precise question at issue," the court then turns to the agency interpretation of a statute. *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984). Then, the court must determine "whether the agency's answer is based on a permissible construction of the statute." *Id.* at 843; *see also Fed. Express Corp.v. Holowecki*, 552 U.S. 339, 395 (2008) ("[W]hen an agency invokes its authority to issue regulations, which then interpret ambiguous statutory terms, the courts defer to its reasonable interpretations.") These principles guide the analysis below.

## A.

We begin with the plain language of 38 U.S.C. § 7802(e), which states that "[VCS p]ersonnel shall be . . . *removed* by the Secretary *without regard to the provisions of title 5 governing appointments in the competitive service* . . . ." *Id.* (emphases added). Bennett contends that 38 U.S.C. § 7802(e) only permits the Secretary to ignore the provisions of title 5 governing competitive service appointments, rather than all of title 5. When analyzing the plain language of the statute in the context of the VCS's legislative history, as the MSPB did in *Chavez*, the true meaning of this language—to exclude non-preference eligible employees in the excepted service from appeal rights under title 5—is clear.

When Congress adopted the VCS Act in 1946, section 2(e), which would eventually be codified as section 7802(e), stated that "[p]ersonnel . . . shall be . . . removed

by the Administrator without regard to civil-service laws . . . [p]rovided, [t]hat such employees shall be subject to the Veterans' Preference Act of 1944." VCS Act of 1946, Pub. L. No. 79-636, § 2(e), 60 Stat. 887, 888 (1946). Section 2(e) therefore provided that individuals appointed under the VCS could be removed by the Administrator regardless of civil service laws providing otherwise.

The Secretary's ability to remove VCS employees distinguishes the present case from *King v. Briggs*, 83 F.3d 1384 (Fed. Cir. 1996), on which Bennett relies. The petitioner in *Briggs* was appointed Executive Director of the National Council on Disability pursuant to 29 U.S.C. § 783(a)(1), an authority that, at that time, was silent as to the National Council's removal power over that position. 29 U.S.C. § 783(a) (amended by the Workforce Investment Act of 1998, 105 P.L. 220, § 403, 112 Stat. 936, 1200-01 (1998)). The court found that an employee appointed under section 783(a)(1) was therefore not precluded from appealing an adverse action under section 7513(d). *Briggs*, 83 F.3d at 1388. Here, section 7802(e) gives the Secretary removal power over employees appointed under that section, thus excluding them from appeal rights under section 7513(d).

In 1982, Congress amended section 4202(e) (previously section 2(e)) of the VCS Act to read as it does today (as section 7802(e)), replacing the language "without regard to civil-service laws" with "without regard to the provisions of title 5 governing appointments in the competitive service" and eliminating the provision that employees under the VCS Act would be subject to the VPA. Pub. L. No. 97-295, § (4)88, 96 Stat. 1287, 1312 (1982) ("1982 Amendments"). The 1982 Amendments also included a section on legislative purpose and construction. *Id.* § (5), 96 Stat. at 1313. According to section (5)(a), "[s]ections 1-4 of [the 1982 Amendments] restate, without

substantive change, laws enacted before December 2, 1981, that were replaced by those sections. Those sections may not be construed as making a substantive change in the laws replaced." *Id.* § (5)(a), 96 Stat. at 1313.

Congress could not have stated more clearly that its amendment to section 4202(e) did *nothing* to change that section's meaning. *See Chavez*, 65 M.S.P.R. at 594. As before the 1982 amendment, individuals appointed under the VCS could be removed by the Administrator regardless of the protections of title 5. When the Secretary removes a VCS employee, that employee is not entitled to the same rights that would be afforded under title 5.

Bennett also contends that the VCS Act's reference to the Veterans' Preference Act of 1944 ("VPA") means that VCS employees were included in the due process provisions of the VPA—later codified in chapter 75 of title 5. The VPA originally provided that a "*preference eligible* [employee] shall have the right to appeal to the Civil Service Commission from an adverse decision of the administrative officer . . . ." VPA, 78 Pub. L. No. 359, § 14, 58 Stat. 387, 388 (1944) (emphasis added). By a 1962 executive order, the President "extend[ed] to all employees in the *competitive* civil service rights identical in adverse action cases to those provided preference eligibles under section 14 of the [VPA]." Exec. Order No. 10,988, 3 C.F.R. 130, 136 (1963) (emphasis added). Thus, only preference eligible employees and those in the competitive service had the right to appeal adverse decisions. Non-preference eligible members of the excepted service, like Bennett, were not included. As discussed below in section I.B., the subsequent amendments to the VPA did nothing to change this. Thus, unless the subsequent amendments to the Civil Service Reform Act of 1978

("CSRA") award employees appointed under section 7802(e) appeal rights, Bennett's claim will fail.

B.

Bennett claims that, as a result of amendments to the CSRA in 1990, she is entitled to appeal her removal under section 7513(d). The CSRA, which codified section 14 of the VPA in chapter 75 of title 5, was amended after the Supreme Court's decision in *United States v. Fausto*, 484 U.S. 439 (1988).. In *Fausto*, the Supreme Court decided that the CSRA's silence regarding appeal rights for non-preference eligible members of the excepted service reflected congressional intent to preclude any review under chapter 75 for such employees. 484 U.S. at 448. In response, Congress passed the Civil Service Due Process Amendments in 1990 ("1990 Amendments") to provide MSPB appeal rights for some, but not all, non-preference eligible excepted service employees. Pub. L. No. 101-376, 104 Stat. 461 (1990). Section 7511(a)(1)(C) was amended to define an "employee" as:

> [A]n individual in the excepted service (other than a preference eligible) -- (i) who is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or (ii) who has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less.

5 U.S.C. § 7511(a)(1)(C). The 1990 Amendments also amended section 7511(b) and listed certain employees as excluded from the coverage of chapter 75. Bennett's position at the VCS is not listed in section 7511(b). Bennett argues that because she meets the definition of employee under section 7511(a)(1)(C) and is not specifi-

cally excluded by section 7511(b), she should be entitled to appeal her removal.

The government correctly responds that although the list of employees in section 7511(b) does not include VCS employees, this omission does not create any new rights for employees previously excluded from the statute. In *Todd v. Merit Systems Protection Board*, 55 F.3d 1574 (Fed. Cir. 1995), Todd was hired pursuant to 20 U.S.C. § 241(a) (repealed 1994) and challenged a reduction in pay, claiming that the MSPB had jurisdiction because she met the newly added definition of employee under section 7511(a)(1)(C). *Id.* at 1575-76. This court disagreed, finding that the amendment to section 7511 did not implicitly repeal section 241(a), which allowed the agency to employ individuals "without regard to . . . sections . . . 7511, 7512, and 7701 of title 5." *Id.*, 55 F.3d at 1577. The court reasoned that while Todd met the provisions of both statutes, nothing in section 7511 indicated that it was meant to substitute for or to override section 241(a). *Id.*

Similar reasoning applies here—sections 7511(a) and (b) do not explicitly give employees appointed under 38 U.S.C. § 7802(e) MSPB appeal rights, and therefore these individuals continue to lack such rights. To the extent there is any ambiguity, the relevant regulation that was enacted and adopted by the agency, 5 C.F.R. § 752.401(d)(12), provides a permissible interpretation. Section 752.401(d)(12) states that adverse action appeal rights under 5 U.S.C. §§ 7511-13 "do[] not apply to [a]n employee whose agency or position has been excluded from the appointing provisions of title 5, United States Code, by separate statutory authority in the absence of any provision to place the employee within the coverage of chapter 75, title 5, Untied States Code . . . ." According to the regulation, because individuals appointed to the VCS under section 7802(e) have always been excluded from

appeal rights, the amendments to sections 7511-13 did nothing to change this. To be afforded the rights under sections 7511-13, a VCS employee would have to be granted those rights affirmatively.

Thus, Bennett has failed to carry her burden to show that the MSPB has been granted jurisdiction over her appeal. The MSPB properly dismissed her appeal because she was a non-preference eligible employee appointed pursuant to 38 U.S.C. § 7802(e) and therefore has no right to appeal an adverse action to the MSPB under 5 U.S.C. § 7513(d).

CONCLUSION

For the foregoing reasons, we affirm the decision of the MSPB.

**AFFIRMED**

COSTS

No costs.