NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**TRACEY SIMMONS-ROBERTS,**
*Petitioner,*

**v.**

**DEPARTMENT OF DEFENSE,**
*Respondent.*

---

2011-3056

---

Petition for review of the Merit Systems Protection Board in DA0752100054-I-1.

---

Decided: September 19, 2011

---

TRACEY SIMMONS-ROBERTS, of Oklahoma City, Oklahoma, pro se.

ALEX P. HONTOS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and REGINALD T. BLADES, JR., Assistant Director

---

Before DYK, CLEVENGER, and REYNA, *Circuit Judges.*

PER CURIAM.

Tracey Simmons-Roberts ("Petitioner") petitions for review of a final order of the Merit Systems Protection Board ("Board"). The Board affirmed the removal of Petitioner from her position with the Defense Logistics Agency ("DLA"). *Simmons-Roberts v. Dep't of Defense*, No. DA-0752-10-0054-I-1 (M.S.P.B. November 10, 2010) ("*Final Order*"). We *affirm*.

## BACKGROUND

Petitioner was employed as a Transportation Loss and Damage Claims Examiner for DLA at the Defense Distribution Depot at Tinker Air Force Base in Oklahoma. While on duty on May 15, 2009, Petitioner was involved in an altercation with a coworker in which she engaged in a physical fight and used offensive language. When another employee attempted to break up the fight, Petitioner shoved and hit the other employee causing the other employee to fall. As a result, the other employee sustained an injury and was placed on workers' compensation.

On July 14, 2009, DLA notified Petitioner of its proposal to remove her from Federal service for her "second offense" of misconduct—fighting, using offensive language, and inflicting bodily harm. Petitioner provided a timely written response to the notice, acknowledging her actions, noting her 25 years of service, and claiming, among other things, that her actions were incited by her coworker. At this stage, Petitioner did not dispute the labeling of these actions as a second offense. On September 3, 2009, DLA issued its decision to remove Petitioner for her "second offense" of misconduct. In reaching his decision, the deciding official considered the facts of the

case within the framework of the relevant aggravating and mitigating factors as instructed by *Douglas v. Veterans Administration*, 5 M.S.P.B. 313, 331–32 (1981).

Petitioner subsequently appealed to the Board, contending, among other things, that in fact there was no "second offense" because DLA improperly relied on a prior disciplinary action that should have been eliminated from her file. She also argued that the penalty of removal was not reasonable. The Administrative Judge ("AJ") held, inter alia, that the agency did not commit harmful error because, although DLA referred to Petitioner's actions as a "second offense," the deciding officer credibly testified that he did not actually consider any prior discipline in his decision to remove her. Also, DLA's handbook on maintaining discipline lists removal as a permissible penalty for a single offense of fighting or inflicting bodily harm. In light of the seriousness of the charges and the mitigating factors, the AJ held that removal was an appropriate penalty. Petitioner then sought review by the full Board. *Final Order*, slip op. at 1. The full Board denied review but issued an opinion concluding that any error in labeling the misconduct as a second offense did not result in harmful error. *Final Order*, slip op. at 3-4. This was because the deciding official credibly testified that this discipline was not a factor in his decision to remove her. *Final Order*, slip op. at 2. The Board also concluded that Petitioner had not established the existence of a disparate penalty. *Final Order*, slip op. at 3. Petitioner timely petitioned for review by this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of Board decisions is limited. We may only set aside agency actions, findings, or conclusions that we find to be "(1) arbitrary, capricious, an abuse of discre-

tion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see also Bennett v. Merit Sys. Prot. Bd.*, 635 F.3d 1215, 1218 (Fed. Cir. 2011).

Petitioner argues that the Board erred when finding that DLA did not improperly rely on a previous offense. We disagree. Substantial evidence supports the Board's finding that the deciding official did not rely upon a prior offense when making his decision to remove Petitioner. The deciding official testified that his decision was based on the severity of the incident rather than Petitioner's disciplinary history. Petitioner's undisputed conduct was serious, and the DLA handbook lists removal as a potential punishment for a single offense of fighting and inflicting bodily harm. When the Board's credibility determinations are "'not inherently improbable or discredited by undisputed fact,'" those determinations are "virtually unreviewable." *Bieber v. Dep't of the Army*, 287 F.3d 1358, 1364 (Fed. Cir. 2002) (quoting *Pope v. U.S. Postal Serv.*, 114 F.3d 1144, 1149 (Fed. Cir. 1997)). Here, there is no basis for rejecting the Board's credibility determinations.

Petitioner also argues that she did not get a fair hearing because her representative was often interrupted by the AJ. However, Petitioner has made no showing of "a deep-seated favoritism or antagonism" on behalf of the AJ "that would [have made] fair judgment impossible." *Beiber*, 287 F.3d at 1362 (internal quotation marks omitted) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

Petitioner also contends that her removal was not consistent with penalties given to other employees in similar situations. The Board distinguished Petitioner's

case from the other fighting cases in the record which "did not involve the same level of intensity . . . and did not result in serious injury." *Final Order*, slip op. at 3. The Board also found that Petitioner's coworker, who was not removed for her involvement in the altercation, did not fight back and did not cause injury to anyone. There is no basis for setting aside the Board's findings in these respects.

Finally, Petitioner contends that the penalty of removal was unreasonable. DLA considered the relevant mitigating and aggravating factors as set forth in *Douglas* and determined that "removal [was] appropriate and necessary to maintain discipline . . . and to promote the efficiency of the Federal Service." A. 43. This court must "defer to the agency's determination of disciplinary action unless the penalty is so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion." *Allen v. U.S. Postal Serv.*, 466 F.3d 1065, 1071 (Fed. Cir. 2006) (internal quotation marks omitted) (quoting *Villela v. Dep't of the Air Force*, 727 F.2d 1574, 1576 (Fed. Cir. 1984)). The Board did not abuse its discretion here. Removal was not unconscionably disproportionate to Petitioner's offense.

## AFFIRMED

### COSTS

No costs.