NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**WILLIAM A. HIMCHAK, III,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2011-3102

---

Petition for review of the Merit Systems Protection Board in case no. DC1221100311-W-1.

---

Decided: November 10, 2011

---

WILLIAM A. HIMCHAK, III, of Chambersburg, Pennsylvania, pro se.

MICHAEL A. CARNEY, General Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M. EISENMANN, General Counsel and KEISHA DAWN BELL, Deputy General Counsel.

---

Before RADER, *Chief Judge*, PLAGER, and DYK, *Circuit Judges*.

PER CURIAM.

William A. Himchak, III, petitions for review of a final order of the Merit Systems Protection Board ("Board"). The Board dismissed the appeal for lack of jurisdiction. *Himchak v. Dep't of Navy* ("*Final Order*"), DC-1221-10-0311-W-1 (M.S.P.B. Jan. 25, 2011). We *affirm*.

BACKGROUND

Himchak was selected on May 7, 2008, for a position of Office Automation Clerk at the Department of the Navy's medical center in Portsmouth, Virginia. Himchak's selection was subject to a one-year probationary period and was contingent on his completion of a background check. Himchak submitted the Questionnaire for Public Trust Positions ("SP-85P") for the background check, but did not include a full seven years of work history as required. On July 2, 2008, the agency informed Himchak that his SF-85P would be rejected unless it included a full seven-year work history, and later made repeated requests that Himchak supplement his incomplete SF-85P. The agency informed Himchak that he was "not required to redo the entire SF85P," but that "the entire [seven-year period] must be covered." A. 108. The agency also indicated that "[a] successful background check [was] necessary for continued employment." *Id*.

Himchak asserted that he had already submitted the requested information, and that the agency was requesting the same information that he had already submitted. Himchak allegedly became concerned that the agency lost or misplaced his SF-85P, which contained personal information including his social security number. On March 31, 2009, Himchak disclosed to the agency that he sus-

pected a Privacy Act violation based on his concern that his personal information and social security number included in his SF-85P had not properly been maintained and safeguarded in accordance with the Act. On April 20, 2009, Himchak contacted his Congressman to request an immediate congressional inquiry regarding the location of his SF-85P.

On April 27, 2009, the agency submitted Himchak's background information, including his incomplete SP-85P, to the Office of Personnel Management ("OPM") so that OPM, as required, could perform the background check. OPM rejected Himchak's background information due to the incomplete employment information, among other reasons. Himchak was subsequently terminated for: "(1) failure to comply with procedures for required background investigation; (2) inappropriate conduct; and (3) failure to obey directions in a timely manner." A. 70.

On July 28, 2009, Himchak filed a complaint with the Office of Special Counsel ("OSC") alleging, among other things, that his termination was retaliation for protected whistleblowing activities. According to Himchak, his complaints to the agency and to his Congressman regarding the agency's violation of the Privacy Act were protected disclosures. *See* 5 U.S.C. § 2302(b)(8). The OSC terminated its inquiry with no corrective action.

Himchak then filed an Individual Right of Action ("IRA") appeal to the Board under 5 U.S.C. § 1221. Himchak again argued that he was improperly terminated in retaliation for his protected disclosures regarding a Privacy Act violation. However, the Administrative Judge ("AJ") found that Himchak's allegation of a Privacy Act violation was unsupported by "affidavits or other documentary evidence" and was "nothing more than a frivolous allegation as there ha[d] never been any indication

that the agency misplaced . . . any . . . portion of his original SF-85P." *Himchak v. Dep't of Navy*, DC-1221-10-0311-W-1, slip op. at 10-11 (M.S.P.B. Jun. 17, 2010). Thus, the AJ held that Himchak "could not have reasonably believed that the agency lost or misplaced his SF-85P or that it violated the Privacy Act or any other law, rule, or regulation." *Id.* at 11. Because Himchak "failed to raise a non-frivolous allegation that he made a protected disclosure under 5 U.S.C. § 2302(b)(8)," the AJ dismissed the case for lack of jurisdiction. *Id.* Himchak sought review of the AJ's initial decision by the full Board. The Board denied Himchak's petition for review, making the decision of the AJ the decision of the Board. *Final Order*, slip op. at 2-3. Himchak timely petitioned for review by this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

With limited exceptions that are inapplicable here, probationary employees have no right to appeal an adverse action because they are excluded from the definition of "employee" under 5 U.S.C. § 7511(a)(1)(A). On appeal to the Board, Himchak did not dispute that his status as a probationary employee precluded him from establishing jurisdiction for an adverse action claim. Accordingly, the sole issue before us is whether the Board had jurisdiction over Himchak's IRA appeal.

Our review of Board decisions is limited. We may only set aside agency actions, findings, or conclusions that we find to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see also Bennett v. Merit Sys. Prot. Bd.*, 635 F.3d 1215, 1218 (Fed. Cir. 2011). The

Board's determination that it lacked jurisdiction is a question of law that this court reviews de novo. *Bennett*, 635 F.3d at 1218.

Himchak contends that the Board does have jurisdiction over his IRA appeal because his termination was retaliation for his protected disclosures regarding the agency's alleged Privacy Act violation. *See* 5 U.S.C. § 2302(b)(8). Himchak's theory is that the agency misplaced his SF-85P, which contained personal information including his social security number, and that such mismanagement constituted a violation of the Privacy Act.

"[T]he Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before the OSC and makes non-frivolous allegations that (1) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take . . . a personnel action." *Yunus v. Dep't of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001) (internal quotation marks omitted). A disclosure qualifies as a "protected disclosure" if the employee "reasonably believes" that the disclosure evidences "a violation of any law, rule, or regulation" or "gross mismanagement." 5 U.S.C. § 2302(b)(8)(A). Accordingly, "[t]he Board must look for evidence that it was reasonable [for the petitioner] to believe that the disclosures revealed misbehavior described by section 2302(b)(8)." *Lachance v. White*, 174 F.3d 1378, 1380 (Fed. Cir. 1999).

The fact that the agency concluded that Himchak's application was incomplete cannot, of course, demonstrate that the agency lost or misplaced the original information. In order to support his claim that the agency lost his information, Himchak apparently relies on an agency e-mail dated May 28, 2009, from Dale Bridges, an employee

in the medical center's Human Resources Office, to Jane Ackiss, the Director of the medical center's Human Resources Office, stating how certain employees must complete a page of SF-85P again because of a "possible compromise" of their SF-85P forms. A. 52. However, Himchak did not become aware of the e-mail until July 2009, and accordingly, the e-mail does nothing to establish Himchak's reasonable belief of Privacy Act violations at the time of his March 31, 2009, disclosure to the agency or his April 20, 2009, disclosure to his Congressman.

Himchak argues that the Board's assessment of his case was biased. However, he has made no showing of "a deep-seated favoritism or antagonism" on behalf of the Board "that would [have made] fair judgment impossible." *Bieber v. Dep't of Army*, 287 F.3d 1358, 1362 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

Accordingly, we affirm the Board's holding that it lacked jurisdiction because Himchak failed to make a non-frivolous allegation that he engaged in protected whistle-blowing activity.

### AFFIRMED

COSTS

No costs.