NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID R. MASON,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent,*

AND

**DEPARTMENT OF HOMELAND SECURITY,**
*Intervenor.*

---

2012-3178

---

Petition for review of the Merit Systems Protection Board in case no. AT-1221-09-0728-B-1.

---

Decided: January 10, 2013

---

DAVID R. MASON, of Gallatin, Tennessee, pro se.

CALVIN M. MORROW, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M.

EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

ANTONIA R. SOARES, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for intervenor. With her on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and SCOTT D. AUSTIN, Assistant Director. Of counsel on the brief was STEVEN M. TAPPER, Office of Chief Counsel, Transportation Security Administration, United States Department of Homeland Security, of Atlanta, Georgia.

───────────────

Before LOURIE, PROST, and WALLACH, *Circuit Judges.*

PER CURIAM.

Petitioner David R. Mason appeals from the Merit Systems Protection Board's ("Board") final decision dismissing Mr. Mason's individual right of action ("IRA") appeal for lack of jurisdiction. Because Mr. Mason failed to make the requisite nonfrivolous allegations to establish Board jurisdiction, we affirm.

## BACKGROUND

At all times relevant to this appeal, Mr. Mason was a financial specialist with the Department of Homeland Security's Transportation Security Administration ("TSA") in Nashville, Tennessee. In December 2008, Mr. Mason filed two complaints with the United States Office of Special Counsel ("OSC") seeking corrective action under the Whistleblower Protection Act, 5 U.S.C. § 2302 *et seq.* ("WPA"). In the first complaint, Mr. Mason alleged that he disclosed a potentially fraudulent $160 taxi fare receipt to Assistant Federal Security Director ("AFSD") Ken Meyer, to the Office of the Inspector General ("OIG"), and

to OSC ("taxi fare disclosure") and suffered retaliatory personnel action including a denial of training and a change in his duties. In the second complaint, Mr. Mason alleged reprisals including a Letter of Guidance and Direction, a denial of training, and a change in duties, all purportedly in response to his disclosure to Federal Security Director ("FSD") W. Paul Armes, OIG, and OSC of unapproved spending on a government purchase card (the "purchase card disclosure"). After examining the complaints, the OSC closed its investigation and notified Mr. Mason of his right to seek corrective action with the Board.

On June 24, 2009, Mr. Mason filed an IRA appeal with the Board. In the appeal, Mr. Mason alleged that, in addition to the taxi fare disclosure and the purchase card disclosure, he had made protected disclosures regarding: (1) FSD Armes's claims for redundant expenses during travel; (2) an employee's unratified and unauthorized order; and (3) an order exceeding available funds that was placed without prior approval. The appeal further alleged multiple retaliatory personnel actions, including: (1) the Letter of Reprimand; (2) the Letter of Guidance and Direction, (3) a prejudicial performance evaluation; (4) the denial of training opportunities; (5) the significant changes in job duties; (6) the denial of compensatory time, awards, and overtime; and (7) defamatory statements, threats, and humiliation.

In an Initial Decision, the administrative judge dismissed the IRA appeal for lack of jurisdiction on the ground that Mr. Mason "failed to establish that he made protected disclosures within the meaning of the WPA." A.18. Mr. Mason petitioned for review by the full Board. The Board first considered whether Mr. Mason has satisfactorily shown exhaustion before the OSC, a jurisdictional prerequisite, and found that he had done so only

with respect to the taxi fare and purchase card disclosures alleged in his December 2008 complaints to the OSC. Exhaustion had not been shown, however, for the remaining three disclosures. On this point, the Board found the administrative judge failed to adequately advise Mr. Mason of his obligation to prove exhaustion and thus vacated the Initial Decision and remanded to give Mr. Mason the opportunity to make such a showing.

The Board then continued with its analysis of the purchase card and taxi fare disclosures to determine whether either established jurisdiction under the WPA. The Board found that these disclosures, when made to FSD Armes and AFSD Meyer, were unprotected disclosures made pursuant to Mr. Mason's normal job responsibilities to report finance-related violations. The same disclosures made to OIG and OSC, however, were found to be outside the normal performance of duties and thus protected. The Board instructed the administrative judge to make further findings of fact regarding whether any personnel action relating to these protected disclosures was sufficient to establish jurisdiction.

On remand before the administrative judge, Mr. Mason failed to submit any additional information regarding exhaustion before the OSC. For a second time, the administrative judge dismissed the appeal for lack of jurisdiction. In particular, she found Mr. Mason had failed to make the required nonfrivolous allegation that any of his protected disclosures contributed to the personnel actions taken against him.

Mr. Mason again petitioned for review by the full Board. This time, the Board declined to reconsider the Initial Decision. It did, however, modify the decision in several respects. In particular, the Board clarified that all personnel actions except two predated the relevant

protected disclosure, and thus could not possibly have been taken in retaliation for the disclosure. Moreover, the Board found Mr. Mason failed to nonfrivolously allege that the two remaining personnel actions postdating a protected disclosure[1] were made with knowledge of such disclosure. Consequently, the Board reached the "same ultimate conclusion as the administrative judge" that it lacked jurisdiction over Mr. Mason's IRA appeal. A.68. Mr. Mason timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

I.

This court must uphold a decision of the Board unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see also Bennett v. Merit Sys. Prot. Bd.*, 635 F.3d 1215, 1218 (Fed. Cir. 2011). The Board's determination that it lacks jurisdiction is a question of law subject to *de novo* review. *Id.* Underlying factual determinations are reviewed for substantial evidence. *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998). The burden to establish jurisdiction lies with Mr. Mason. 5 C.F.R. § 1201.56(a)(2)(i).

II.

A federal employee may seek corrective action from the Board when personnel action has been taken in retaliation for a WPA-protected disclosure. *Fields v. Dep't of Justice*, 452 F.3d 1297, 1302 (Fed. Cir. 2006) (citing 5

---

[1]   Specifically, the denials of a training request and a request for compensatory time post-dated the taxi fare disclosure.

U.S.C. § 1221(a)). The Board has jurisdiction over such a claim when an employee "has exhausted administrative remedies before the OSC [ ] and makes 'non-frivolous allegations' that (1) he engaged in whistleblowing activities by making a protected disclosure under 5 U.S.C. § 2302(b)(8) and (2) the disclosure was a contributing factor in the agency's decision to take a personnel action as defined by 5 U.S.C. § 2302(a)." [2] *Id.* (internal quotation marks and citation omitted). The standard to determine whether a nonfrivolous allegation has been made is analogous to that for summary judgment; that is, the petitioner must demonstrate the existence of a genuine issue of material fact. *Kahn v. Dep't of Justice*, 528 F.3d 1336, 1341 (Fed. Cir. 2008). "'Non-frivolous allegations cannot be supported by unsubstantiated speculation in a pleading submitted by petitioner.'" *Id.* (quoting *Dorrall v. Dep't of the Army*, 301 F.3d 1375, 1380 (Fed. Cir. 2002), *overruled on other grounds by Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322 (Fed. Cir. 2006)).

Mr. Mason's first argument on appeal challenges the Board's findings that the disclosures to FSD Armes and AFSD Meyer were within Mr. Mason's normal job duties and thus unprotected. Mr. Mason does not dispute this court's rule enunciated in *Huffman v. Office of Personnel Management*, 263 F.3d 1341, 1344 (Fed. Cir. 2001), that disclosures made pursuant to "an employee's assigned normal job responsibilities . . . when made through normal channels" are not protected under the WPA. Rather, Mr. Mason contends that "question[ing] travel expenses

---

[2]　A disclosure is protected if the employee reasonably believes it shows "(i) a violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety . . . ." 5 U.S.C. § 2302(b)(8)(A).

and disclos[ing] policy/procedural violations" were removed from his responsibilities and consequently such disclosures were not within his normal duties. Petitioner's Informal Brief ("Pet. Br."), Attachment A. Mr. Mason relies on emails he wrote to two of his supervisors in which he asked for confirmation that "ask[ing] questions about travel expenses" was outside the scope of his position. Pet. Br., Attachments A-1, A-2. However, this query alone does not show that Mr. Mason had been relieved of such responsibilities. To the contrary, the record shows that Mr. Mason was specifically instructed to report "'[a]ny anomalies outside the realm of routine business,'" A.31; Pet. Br., Attachment A-3, and to "rais[e] questions about travel vouchers when red flags arise," A.33 (internal quotation marks and citation omitted). We therefore conclude that substantial evidence supports the Board's finding that reporting finance-related violations to his supervisors was part of Mr. Mason's job as a financial specialist. Accordingly, such disclosures were properly found to be unprotected by the WPA. *Huffman*, 263 F.3d at 1344.

Second, Mr. Mason challenges the Board's conclusion that he failed to nonfrivolously allege that TSA management had knowledge of his protected disclosure to OIG at the time of the relevant personnel actions, and thus failed to meet the contributing factor element of his WPA claim. *See* 5 U.S.C. § 1221(e)(1); *Kewley v. Dep't of Health and Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir. 1998). In an effort to show that TSA management did have knowledge of the disclosure to OIG, Mr. Mason presented evidence showing that Office of Inspection ("OI") informed TSA management of a complaint Mr. Mason filed with OI in 2011, three years after the disclosure at issue. However, this unrelated communication does not create a genuine issue whether Mr. Mason's protected disclosure

to OIG in 2008 was known by TSA management at the time of the personnel actions at issue. Therefore, the Board correctly found Mr. Mason failed to nonfrivolously allege the contributing factor element of his WPA claim.

Finally, Mr. Mason argues the Board denied him due process of law by declining to grant his petition for review in spite of his allegations that TSA failed to comply with the administrative judge's discovery order. However, Mr. Mason did not challenge TSA's response to the discovery order until months after the relevant discovery deadline, and after the administrative judge had already decided the case. *See* Pet. Br., Attachment C-3 (raising the discovery issue, apparently for the first time, in the petition for review before the full Board). The Board thus did not deprive Mr. Mason of due process when it found he was "preclude[d] from raising" this argument for the first time on petition for review. A.64.

CONCLUSION

We have considered the remainder of Mr. Mason's arguments and find them unpersuasive. For the foregoing reasons, we affirm the Board's dismissal of this case for lack of jurisdiction.

**AFFIRM**

No costs.