NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN HOWARD,**
*Petitioner,*

v.

**DEPARTMENT OF TRANSPORTATION,**
*Respondent.*

---

2012-3143

---

Appeal from the Merit Systems Protection Board in No. SF1221110384-W-1.

---

Decided:  March 11, 2013

---

CHRISTOPHER D. VAUGHN, The Vaughn Law Firm, LLC, of Decatur, Georgia, for petitioner.

DANIEL G. KIM, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD M. HUGHES, Deputy Director.  Of counsel on the brief was ALEXANDRA R. RANDAZZO, Office of the Chief Counsel, Federal Aviation Administration, of Washington, DC.

Before LOURIE, PLAGER, and WALLACH, *Circuit Judges.*

PER CURIAM.

John Howard appeals the decision of the Merit System Protection Board ("MSPB" or "Board") denying his petition for review and adopting, with modification, the initial decision of an MSPB Administrative Judge. The Administrative Judge affirmed the decision by the Federal Aviation Administration ("FAA") to terminate Mr. Howard's temporary assignment as a Supervisory Air Traffic Control Specialist ("SATC") and to return him to his permanent position as a facility Air Traffic Control Specialist ("ATCS"). We *affirm*.

## BACKGROUND

The crux of this dispute lies in whether Mr. Howard engaged in protected whistleblowing activity pursuant to the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302, and was demoted from SATC to ATCS by the FAA in retaliation as a result.[1]

Mr. Howard alleges that in November 2007, he engaged in protected activities that included reporting the misconduct of another air traffic controller to his supervisor ("November Disclosure"). *Howard v. Dep't of Transp.*, SF-1221-11-0384-W-1, 2011 MSPB LEXIS 5589, at *2 (M.S.P.B. Sept. 15, 2011) ("Initial Decision").

---

[1]    A disclosure is generally protected if the employee reasonably believes the disclosure shows "(i) any violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety . . . ." 5 U.S.C. § 2302(b)(8)(A).

In December 2007, Mr. Howard was offered a tentative job promotion to SATC. *Id.* at *3-4. In January 2008, Mr. Howard was promoted to the SATC position "effective February 3, 2008, for a term not to exceed (NTE) February 1, 2010, with a remark as follows: Temporary promotion may be terminated sooner depending on agency needs." *Id.* at *5 (internal citations omitted and capitalization altered).

Also in December 2007, Mr. Howard was reprimanded for making inappropriate statements to a fellow employee. *Id.* at *3-4. The reprimand was later reduced to an admonishment. *Id.* at *4. In June and July of 2008, Mr. Howard was moved to a different team and was told he would receive closer oversight by his supervisory in response to his making inappropriate comments to female subordinates. *Id.* at *5-6. This later incident was investigated by the Accountability Board. *Id.* at *28.

In May 2009, Mr. Howard was terminated from his SATC position and returned to his ATCS position. *Id.* at *6-7. Mr. Howard then filed a complaint with the Office of Special Counsel ("OSC") "alleging that the termination of the NTE assignment was based on his [November] Disclosure . . . . *Id.* at *7. The OSC informed Mr. Howard that it had closed the investigation, and Mr. Howard then appealed. *Id.*

In his Initial Decision, the Administrative Judge denied Mr. Howard's request for corrective action. *Id.* at *41. The Administrative Judge first found "it most efficient to assume *arguendo* that the appellant made a protected disclosure . . . ." *Id.* at *13. The Administrative Judge also found support in the record that Mr. Howard failed to "meet [the] expectations of leadership" associated with the SATC position, and was terminated for that reason. *Id.* at *37-38. Accordingly, although the termination of Mr. Howard's temporary assignment occurred after the protected disclosure, the Administrative Judge ulti-

mately found that the agency had shown by clear and convincing evidence that it would have taken the disputed personnel action regardless of any whistleblowing activity. *Id.* at *41.[2]

Mr. Howard filed an individual right of action appeal with the Board; the Board denied Mr. Howard's petition for review, adopting with modification the Initial Decision of the Administrative Judge as its Final Decision. *Howard v. Dep't of Transp.*, SF-1221-11-0384-W-1, 117 M.S.P.R. 610, 610 (M.S.P.B. 2012) ("Final Decision").

Mr. Howard filed a timely appeal. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

A federal employee may seek corrective action from the Board when personnel action has been taken in retaliation for a WPA-protected disclosure. *Fields v. Dep't of Justice*, 452 F.3d 1297, 1302 (Fed. Cir. 2006) (citing 5 U.S.C. § 1221(a)). This court must uphold a decision of the Board unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see also Bennett v. Merit Sys. Prot. Bd.*, 635 F.3d 1215, 1218 (Fed. Cir.

---

[2] The appellant has the burden to prove, by preponderant evidence, that he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8) and that any such disclosure(s) was a contributing factor in the personnel action at issue; if he does so, the Board must order corrective action unless the agency establishes by clear and convincing evidence that it would have taken the same personnel action in the absence of the disclosure(s). *See Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir. 1998).

2011). We review evidentiary and discovery rulings for abuse of discretion and will reverse only if the petitioner can "prove that the error caused substantial harm or prejudice to his rights which could have affected the outcome of the case." *Curtin v. Office of Pers. Mgmt.*, 846 F.2d 1373, 1379 (Fed. Cir. 1988). In addition, credibility determinations are "virtually unreviewable on appeal." *Rogers v. Dep't of Def. Dependents Sch.*, 814 F.2d 1549, 1554 (Fed. Cir. 1987).

Mr. Howard argues the Board erred and should be reversed because (1) the Administrative Judge improperly considered evidence, (2) Mr. Howard's "Cat's Paw" theory was improperly applied, and (3) the Administrative Judge made improper character determinations of multiple witnesses. *[BB 11.]* We consider each argument in turn.

First, Mr. Howard objects to the Administrative Judge's consideration of multiple pieces of evidence. Mr. Howard argues that the Administrative Judge improperly considered the letter of admonishment Mr. Howard received in December 2007, which had been reduced from a reprimand, for inappropriate comments made to a coworker. *[BB 13.]* However, Mr. Howard himself identified the letter of admonishment (and the earlier letter of reprimand) as one of the FAA's several allegedly retaliatory actions against him. Resp't App. 24-26 (Mr. Howard's OSC complaint); *see Briley v. Nat'l Archives & Records Admin.*, 236 F.3d 1373, 1377 (Fed. Cir. 2001). The Administrative Judge did not abuse his discretion considering the letter of admonishment brought into issue by Mr. Howard.[3]

---

[3] Additionally, the Board found that "[t]here is no indication that the Administrative Judge relied upon the admonishment as support for the agency's decision to terminate the appellant's term supervisory appointment." Final Decision at 610.

Similarly, the Administrative Judge properly considered Mr. Howard's "unwelcome remarks to subordinate female employees." Initial Decision at *36.[4]  Mr. Howard argues because the Accountability Board found he acted with no malice and did not punish him for his comments, the Administrative Judge and the Board acted contrary to the Accountability Board's finding and did not "look[ ] into any of the facts." Pet. Br. at 16-17.  However, the record does not support this contention.  In fact, the Administrative Judge found that he "ha[d] no reason to doubt [Mr. Howard's] contention that he had no malicious intent," but also noted that Mr. Howard's comments were deemed sufficiently inappropriate so as to warrant counseling, following the Accountability Board's investigation.  Initial Decision at *36-37.  Mr. Howard did not dispute this finding.  The Administrative Judge assessed the record and did not abuse his discretion in considering these remarks.[5]

---

[4]     As an initial matter, Mr. Howard notes that the Administrative Judge incorrectly cited to an admonishment to the wrong John Howard, a John R. Howard. *[BB 15.]*  However, we find nothing inappropriate with the Board's determination that although "[i]t  appears that the administrative judge incorrectly referenced, in his statement of background facts and analysis of the strength of the agency's evidence, the written admonishment of a different individual mistakenly included in the agency file," that, notwithstanding, the Administrative Judge "also appropriately relied upon other evidence that did relate to the appellant in support of the agency's decision to terminate his supervisory term appointment." Final Decision at 610.  This is the basis of the Board's modification of the Administrative Judge's Initial Decision. *See* Final Decision at 610.

[5]     Mr. Howard also argues that the Administrative Judge improperly considered evidence of his choice of a

Turning to Mr. Howard's other arguments, Mr. Howard's "Cat's Paw" theory was properly rejected. According to Mr. Howard, "a plaintiff may present evidence that an adverse employment decision was discriminatory, 'despite the innocence of the employer's nominal decisionmaker by showing that such innocent party simply relied upon, without himself evaluating the plaintiff's situation, a recommendation or false information offered by someone else because of a prohibited animus.'" Pet. Br. at 18 (citing *Curtis v. Teletech Customer Care Mgmt. (Telecommunications), Inc.*, 208 F. Supp. 2d 231, 1243 (N.D. Ala. 2002)). Based on this theory, Mr. Howard argued that, in retaliation for the November Disclosure, another official had "influenced [the managerial official who terminated Mr.

certain employee as Controller In Charge ("CIC") who eventually was found to be unqualified for the position. *[BB 17.]* Here, the Administrative Judge concluded that the CIC certification decision contributed to the termination of Mr. Howard's assignment. Initial Decision at \*37. He cited the undisputed fact that Mr. Howard certified this employee despite her lack of qualifications. *Id.* Although Mr. Howard argues this information should not have been considered for various reasons and that the Administrative Judge failed to consider the reasons he offered, Mr. Howard fails to explain how those arguments would have altered the Administrative Judge's well-supported conclusion. Additionally, merely because a decision does not mention a particular point "forms no basis for an assumption that it did not consider those elements." *Windsurfing Int'l Inc. v. AMF, Inc.*, 782 F.2d 995, 998-99 (Fed. Cir. 1986); *see also Perkin-Elmer Corp. v. Computervision Corp.*, 732 F.2d 888, 901 (Fed. Cir. 1984) (holding that when "a court does not discuss certain propositions," that "does not make the decision inadequate or suggest the court failed to understand them").

Howard] by poisoning her first impression of Mr. Howard." Initial Decision at *24.

Mr. Howard, however, wholly fails to establish that any individual sufficiently exerted influence on the managerial official who terminated Mr. Howard so as to impute knowledge of the November Disclosure to the official, and thus providing a motivation to retaliate. This lack of evidence is fatal to Mr. Howard's claim. To the contrary, substantial evidence supports the Administrative Judge's finding that Mr. Howard failed to "meet [the] expectations of leadership" associated with the SATC position, and was terminated for that reason. *Id.* at *37-38.

Finally, Mr. Howard argues that the Administrative Judge's credibility determinations of various witnesses were incorrect. *[BB 21.]* As noted above, credibility determinations are "virtually unreviewable on appeal." *Rogers*, 814 F.2d at 1554. Here, Mr. Howard's complaints amount to disagreement with the Administrative Judge's determinations, and therefore there is no basis for disturbing these determinations on appeal.[6]

---

[6] In fact, the Administrative Judge presented a thorough credibility assessment of each of the FAA witnesses, based upon his personal observations of them as they testified. Specifically, the Administrative Judge noted that each of these witnesses provided "unequivocal" testimony "based on [his or her] personal knowledge as a percipient witness." Initial Decision at *31-34. He noted the level of specificity and detail with which each witness testified, as well as the extent to which each witness's testimony was consistent with that of other witnesses (and with Mr. Howard's testimony). *Id.*

CONCLUSION

Finding substantial evidence supporting the Board's decision, it is

**AFFIRMED.**