NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILLIAM D. MARCUM,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2023-2439

---

Petition for review of the Merit Systems Protection Board in No. DE-0752-21-0188-I-1.

---

Decided:  June 4, 2025

---

WILLIAM DOUGLAS MARCUM, Nampa, ID, pro se.

STEPHEN FUNG, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

PER CURIAM.

William D. Marcum petitions for review of a Merit Systems Protection Board ("Board") order affirming a November 24, 2021 Initial Decision that dismissed Mr. Marcum's appeal alleging involuntary resignation for lack of jurisdiction. *Marcum v. DOJ*, No. DE-0752-21-0188-I-1, 2023 WL 4875199 (M.S.P.B. July 31, 2023). For the following reasons, we affirm.

BACKGROUND

Mr. Marcum was employed as a Correctional Systems Officer at the Department of Justice's Bureau of Prisons ("Agency") at the Federal Correctional Complex in Tucson, Arizona from 2009 until his resignation effective June 25, 2020. S.A. 7–8.[1] Events that precipitated Mr. Marcum's resignation trace back to 2018 and 2019, when the Agency began an investigation of Mr. Marcum in relation to his on-duty and off-duty conduct. S.A. 8–9. After the investigation began, the Agency suspended Mr. Marcum's authorization to carry a firearm and transferred him to different job posts, including an office cubicle and an off-site mail room. S.A. 8.

On June 24, 2020, at 8:22 a.m., the Agency provided Mr. Marcum a notice of proposed removal from his position. S.A. 9, 68–73. The notice cited charges arising out of events dating to April 2018, including misuse of a government computer, two specifications of off-duty misconduct, providing inaccurate information to local law enforcement, and providing inaccurate information during an official investigation. S.A. 68–73. At 12:30 p.m. on June 24, 2020, Mr. Marcum met with the Agency's human resources officials, including Jason Ludwick, where he hand-delivered his letter of resignation. The letter was dated June 17, 2020, reflecting a previous attempt to email the letter to

---

[1]    "S.A." refers to the supplemental appendix included with the government's informal brief.

another employee having the last name Ludwick, and stated that it served as "two[-]week notification of my request to resign." S.A. 10, 67. The "two[-]week" text was crossed off and replaced with "6/24/20," which was also crossed off and replaced with "6/25/20," both initialed by Mr. Marcum. S.A. 67. The letter also included a handwritten notation made by Mr. Ludwick that it was "received" June 24, 2020, at approximately 12:30 p.m. S.A. 67.

On June 25, 2020, Mr. Marcum met with Mr. Ludwick and other human resources department employees to complete the paperwork for his resignation and return his equipment. S.A. 11. The parties dispute what was said in the particular interactions between Mr. Marcum and Agency employees on June 25, which will be discussed below. There is no dispute, however, that at some point Mr. Marcum expressed concern about insurance coverage and was told the warden had already signed off on his resignation. S.A. 11.

On April 22, 2021, Mr. Marcum appealed his resignation to the Board. S.A. 7. Although the Board lacks jurisdiction over appeals from voluntary resignations, and resignations are presumed voluntary, Mr. Marcum alleged that his resignation was involuntary because he had requested to rescind it and his request was denied. S.A. 12. In its November 24, 2021 Initial Decision, the administrative judge ("AJ") found that Mr. Marcum had not requested to rescind his resignation.[2] S.A. 7–25. Because the AJ found that Mr. Marcum had not shown that his resignation

---

[2] The Initial Decision also found that Mr. Marcum was not forced to resign. S.A. 23–25. To the extent Mr. Marcum raises a discrimination claim related to his alleged involuntary resignation, he abandoned such claim to pursue only civil-service claims before this court. ECF No. 61.

was involuntary, the AJ held that the Board lacked jurisdiction and dismissed the appeal. S.A. 25.

Mr. Marcum filed a petition for review with the Board, and the Board issued a final order affirming the Initial Decision and adopting it as its own. S.A. 1–2.

Mr. Marcum timely petitioned this court for review. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of Board decisions is limited. *Whiteman v. Dep't of Transp.*, 688 F.3d 1336, 1340 (Fed. Cir. 2012). A final decision of the Board must be affirmed unless the decision is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). The Board's determination that it lacked jurisdiction is a question of law that we review de novo. *Bennett v. MSPB*, 635 F.3d 1215, 1218 (Fed. Cir. 2011). The petitioner bears the burden of proving the Board's jurisdiction over his appeal by a preponderance of the evidence. *Id.* "[A]lthough we may review freely the Board's conclusion that it did not have jurisdiction[,] . . . we are bound by the AJ's factual determinations unless those findings are not supported by substantial evidence." *Bolton v. MSPB*, 154 F.3d 1313, 1316 (Fed. Cir. 1998).

Resignations are presumed voluntary, and it is petitioner's burden to show otherwise. *Cruz v. Dep't of the Navy*, 934 F.2d 1240, 1244 (Fed. Cir. 1991). The Board does not have jurisdiction over an appeal of a voluntary resignation. *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1328 (Fed. Cir. 2006) (en banc). Thus, whether the Board has jurisdiction rests on a finding that Mr. Marcum's resignation was involuntary, which Mr. Marcum attempts to show by arguing he requested to rescind his resignation and was denied.

The main issue for this court is whether substantial evidence supports the AJ's finding that Mr. Marcum did not request to rescind his resignation. Mr. Marcum disputes that finding, contending he requested to rescind his resignation in the June 25 meeting but was not permitted to do so. Pet'r's Informal Br. 3. The government's position is that Mr. Marcum never asked to rescind, but instead inquired about changing the effective date of his resignation out of concern for insurance coverage. Resp't's Informal Br. 5.

The AJ considered Mr. Marcum's evidence and found that his account of the events of June 24 and 25, 2020, contained anomalies. S.A. 20. The AJ pointed out that under Mr. Marcum's account, it is unclear why he would arrive at the meeting on June 25, 2020, with the sole purpose of rescinding his resignation, say as much to Mr. Ludwick and be told it was too late, only to then immediately drop the matter and cooperate in out-processing. S.A. 20–21. The AJ also considered Mr. Marcum's behavior subsequent to June 25, 2020, and found it inconsistent with having attempted to rescind his resignation. S.A. 21–22.

Substantial evidence supports the AJ's determination that Mr. Marcum did not ask to rescind his resignation, and therefore, that his resignation was not involuntary.[3] "Under the substantial evidence standard, this court reverses the Board's decision only if it is not supported by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shapiro v. Soc. Sec. Admin.*, 800 F.3d 1332, 1336 (Fed. Cir. 2015) (cleaned up). The AJ's factual findings were guided by applying the factors discussed in *Hillen v. Dep't of Army*, 35 M.S.P.R. 453,

---

[3]    We do not consider whether the Agency denied Mr. Marcum's purported request to rescind his resignation because Mr. Marcum has failed to show that he even made such a request.

458 (1987). S.A. 16–17. The AJ assessed the credibility of live witnesses, including Mr. Marcum and Mr. Ludwick, and considered such testimony against other evidence. S.A. 18–22. Mr. Marcum has not directed us to anything that would cause us to question the AJ's credibility determinations.[4] "As an appellate court, we are not in position to re-evaluate these credibility determinations, which are not inherently improbable or discredited by undisputed fact." *Pope v. USPS*, 114 F.3d 1144, 1149 (Fed. Cir. 1997). Evaluation of witness credibility is a matter within the discretion of the AJ and is "virtually unreviewable" on appeal. *Frey v. Dep't of Labor*, 359 F.3d 1355, 1361 (Fed. Cir. 2004).

The petitioner carries the burden to show a resignation is involuntary. *Cruz*, 934 F.2d at 1244. As just discussed, substantial evidence supports that Mr. Marcum failed to show that his resignation was involuntary. Because the Board lacks jurisdiction over appeals from voluntary resignations, *see, e.g.*, *Garcia*, 437 F.3d at 1328, the Board correctly found that it did not have jurisdiction over Mr. Marcum's appeal.

---

[4]   Mr. Marcum's email to a union representative, cited for the first time in reply, Informal Reply Br. 6–7, does not disturb this conclusion. Nor does his memorandum in lieu of oral argument. ECF No. 81 at 4 (Mr. Marcum directing us to his "attempt[s] to reach [his] Regional Union [representative]"). Even if Mr. Marcum considered consulting his union representative for advice about his resignation, his failure to press the issue with the Agency *at the time of* the June 24–25 meetings is consistent with the Agency's account that Mr. Marcum did not request to rescind his resignation then.

CONCLUSION

We have considered Mr. Marcum's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

**AFFIRMED**

COSTS

No costs.