NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BEN R. CARRILLO,**
*Petitioner,*

**v.**

**DEPARTMENT OF HOMELAND SECURITY,**
*Respondent.*

---

2013-3105

---

Petition for review of the Merit Systems Protection Board in No. DE3330120088-I-1.

---

Decided: November 13, 2013

---

BEN R. CARRILLO, of Chandler, Arizona, pro se.

VERONICA N. ONYEMA, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were STUART F. DELERY, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and REGINALD T. BLADES, JR., Assistant Director.

---

Before O'MALLEY, BRYSON, and WALLACH, *Circuit Judges.*

PER CURIAM.

Petitioner Ben Carrillo appeals from the Merit Systems Protection Board's ("Board") final decision upholding his nonselection for two positions at the Department of Homeland Security ("DHS" or "agency"). Because the Board's decision was supported by substantial evidence, this court affirms.

BACKGROUND

Mr. Carrillo served in the Marine Corps from 1977 to 1998 and was honorably discharged, making him a preference eligible veteran. At the time of the events at issue in this case, he was employed by DHS as a grade level GS-12 Safety and Occupational Health Specialist. Mr. Carrillo's appeal centers on two DHS job announcements.

The first announced position was posted by DHS on February 26, 2011, as Job Announcement IHC-416825-KRH-MP. The position was for a Supervisory Safety and Occupational Health Manager ("supervisor position"), a GS-14 grade level position. The announcement allowed for the following categories of individuals to apply:

> (1) Current Federal employees with competitive status or reinstatement eligibility, (2) current and former Federal employees who meet the established criteria in an Office of Personnel Management Interchange Agreement, and (3) preference eligible veterans who have been separated under honorable conditions after three years or more of continuous service, per the [Veterans Employment Opportunities Act ("VEOA")].

Resp't's App. ("App'x") 77 (citing VEOA, 5 U.S.C. § 3330A (2006)). The job announcement notified applicants that the position was a merit promotion and that it was required that applicants qualify at the GS-14 level. It also "explained that applicants would qualify at the GS-14 level if they possessed one year of experience that

equipped them with the skills needed to perform the job duties." App'x 78.

Mr. Carrillo applied for the supervisor position on March 1, 2011, and the job listing closed on March 12, 2011. On March 16, 2011, the job listing reopened and Mr. Carrillo was notified by email that it was not necessary for him to resubmit his resume. After evaluating the applications for this position, Human Resources Specialist Andrea Bower determined that Mr. Carrillo was at a GS-12 grade level and that the federal position he had held prior to going to DHS was at a GS-11 level. Ms. Bower ultimately determined that Mr. Carrillo did not qualify for the GS-14 position as he "did not meet the position's specialized experience requirements." App'x 78. DHS sent Mr. Carrillo a notice that "he did not meet the time-in-grade requirements of the position" and would not be placed on the list of eligible candidates. *Id.* The time-in-grade coding on the letter was erroneous, and on October 18, 2011, Ms. Bower sent Mr. Carrillo a corrected notice, informing him that he did not meet the position's specialized experience requirements.

The second job announcement was posted on March 21, 2011, as Job Announcement IHC-447669-kwi-MP, for a Safety and Occupational Health Manager position ("team-lead position"), a GS-13 grade level position. The only persons eligible to apply were "current U.S. Customs and Border Protection employees with competitive status," because it was a merit promotion position. Mr. Carrillo applied for this position and DHS placed him on the Merit Promotion Certificate of Eligibles list. The posting indicated the availability of five separate team-lead positions, one for each of five existing Occupational Safety and Health branches. However, an existing team member would only be considered for the branch at which he or she was already employed. Accordingly, because Mr. Carrillo worked with the Central Branch Team, he was only considered for the Central Branch.

Mr. Carrillo and six other Central Team applicants interviewed with a three-person panel for the team-lead position. The panel included the Central Team Supervisor, Bob Hamilton, as well as Dan De Laurentis and Erick Eastes, supervisors from other branches and both veterans. All of the candidates were interviewed by phone, and all interviews lasted between fifteen and twenty minutes.

The panel ultimately chose Judy Masura for the Central Branch team-lead position, the only candidate who held a Certified Safety Professional ("CSP") designation. A CSP designation is awarded to individuals who satisfy various experience, testing, and educational requirements. Ms. Masura was also the only Central Branch candidate who was not a veteran. Although Ms. Masura was not a veteran, the panel members who conducted the interviews were all favorably impressed with Ms. Masura's interview, and found that Mr. Carrillo's interview was "average" and "OK but unremarkable." App'x 86. Moreover, the evidence showed that if Ms. Masura had declined the position, the panel would not have recommended Mr. Carrillo, but would have recommended another candidate, who was a veteran.

On December 1, 2011, Mr. Carrillo filed an appeal with the Board's Denver Field Office alleging that, regarding his two nonselections, DHS (1) violated his veterans' preference rights under VEOA, and (2) discriminated against him based on his uniformed service in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4311 (2006) ("USERRA"). On February 7, 2012, the administrative judge ("AJ") issued an order finding that the sixty-day deadline for challenging nonselection for the supervisor position under VEOA had already passed. The AJ found in a subsequent opinion that Mr. Carrillo failed to establish a VEOA claim for the team-lead position. With regard to Mr. Carrillo's USERRA claims, the AJ found that DHS had credited Mr. Carrillo's military experience and that Mr. Carrillo failed

to show there was any anti-military bias. On April 23, 2012, Mr. Carrillo petitioned the full Board to review the AJ's decision. In this appeal, he reasserted his VEOA and USERRA claims and additionally argued that he was improperly denied equitable tolling for his VEOA claim as to the supervisor position. The Board denied Mr. Carrillo's petition for review and affirmed the decision of the AJ.

Mr. Carrillo timely appeals the Board's decision and presents the same arguments to this court.

We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2012).

## DISCUSSION

### I. Standard of Review

This court must uphold a decision of the Board unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see also Bennett v. Merit Sys. Prot. Bd.*, 635 F.3d 1215, 1218 (Fed. Cir. 2011). Underlying factual determinations are reviewed for substantial evidence. *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998).

### II. VEOA Claims

"The VEOA provides preference eligible veterans with a right to file a claim for any agency hiring decision that violated the veteran's rights under a statute or regulation relating to veteran's preference." *Lazaro v. Dep't of Veterans Affairs*, 666 F.3d 1316, 1318 (Fed. Cir. 2012); *see also* 5 U.S.C. § 3330a. In order for veterans to receive the benefits of these preference rights, Congress has enacted various statutes and authorized the Office of Personnel Management to adopt regulations that relate to the hiring

process of preference eligible veterans. *Lazaro*, 666 F.3d at 1318.

With regard to his veterans' preference for the team-lead position, Mr. Carrillo argues that the board failed to apply 5 U.S.C. § 2302(b)(11). He further contends that the Board failed to apply "several statutes that constitute a 'veterans' preference requirement' for purposes of 5 U.S.C. § 2303(b)(11)." Pet'r's Br. 6. Section 2302(b)(11) states, in part, that: "Any employee who has authority to take, direct others to take, recommend, or approve any personnel action, shall not, with respect to such authority . . . knowingly fail to take, recommend, or approve any personnel action if the failure to take such action would violate a veterans' preference requirement." 5 U.S.C. § 2302(b)(11)(B).

Mr. Carrillo does not elaborate on how the Board violated § 2302, or identify to what statutes he is referring. However, in subsequent arguments made in his Petitioner's Brief, he references 5 C.F.R. § 302.302(d) (2011) as well as 5 U.S.C. § 3311. Both sections require an agency to credit preference eligible candidates with time spent in the military if the position for which they are applying is similar or "material to the position" which they held immediately before entrance into the military. 5 C.F.R. § 302.302(d)(1); 5 U.S.C. § 3311(2). Mr. Carrillo appears to argue that his military service was not credited and that his veterans' preference was therefore violated.

As an initial matter, the Board has construed veterans' preference statutes to not apply when "an employee seeks a promotion under an announcement limited to internal candidates." *Slater v. U.S. Postal Serv.,* 112 M.S.P.R. 28, 32, (2009); *see also Joseph v. Fed. Trade Comm'n*, 103 M.S.P.R. 684, 688 (2006), *aff'd,* 505 F.3d 1380 (Fed. Cir. 2007); 5 U.S.C. § 3304(f)(1) (stating that "[p]reference eligibles or veterans . . . may not be denied the opportunity to compete for vacant positions for which

the agency making the announcement will accept applications from *individuals outside* its own workforce under merit promotion procedures") (emphasis added). The team-lead position was only available to internal candidates, and thus Mr. Carrillo's veterans' preference did not apply.

In any event, the evidence shows that the panel members were aware of, and took into account Mr. Carrillo's relevant experience in the military. An affidavit by a panel member "indicates that the panel asked the appellant to elaborate on his military service in the Marines." App'x 10. Specifically, in Mr. De Laurentis's declaration he noted that when the panel "asked [Mr. Carrillo] to elaborate on his time as an Environmental Chief in the Marines, [Mr. Carrillo] was able to discuss what he did in that position in a way that was helpful." App'x 90. Accordingly, substantial evidence supports the Board's decision that the agency did not violate a law or regulation relating to his veterans' preference for the team-lead position.

Mr. Carrillo also contests the Board's affirmance of the AJ's finding that equitable tolling was not warranted for his VEOA claim as to the supervisor position. Specifically, Mr. Carrillo argues that the AJ should have granted equitable tolling to extend the sixty-day deadline under 5 U.S.C. § 3330a(a) to file his VEOA complaint with the Department of Labor ("DOL"). In order to bring a claim for a veterans' preference violation to the Board, the veteran must first present the claim to the DOL within the sixty-day statutory period. *See* § 3330a(a)(2)(A). If the complainant fails to do so, equitable tolling may be granted if the "complainant had actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant had been 'induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" *Roesel v. Peace Corps*, 111

M.S.P.R. 366, 370 (2009) (citing *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990)).

Mr. Carrillo contends that his failure to meet the deadline was "induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Pet'r's Br. 7 (citations and internal quotation marks omitted). Mr. Carrillo argues that his equal employment opportunity ("EEO") counselor advised him incorrectly of the date that his VEOA Complaint had to be filed with the DOL. Mr. Carrillo does not present other evidence of inducement or trickery. At the time Mr. Carrillo brought the claim to his EEO counselor, and was allegedly given incorrect information, the sixty-day deadline had "long since passed"—it had been 230 days. App'x 83–84 . Thus, any inducement or trickery that occurred would have been long after Mr. Carrillo's filing deadline had already expired.

Mr. Carrillo also argues that "[b]y wrongfully and willfully failing to give the Petitioner a notice of his appeal rights, the Agency effectively contributed to the Petitioner's failure to file a timely appeal, or, perhaps, even caused such untimely filing." Pet'r's Br. 12. Mr. Carrillo relies on 38 U.S.C. § 4334(a) for this contention and presumably is arguing that DHS should have notified him to file his VEOA claims within the statutory time limit. However, § 4334 applies to USERRA notices, not VEOA claims. *See* 38 U.S.C. §§ 4301–34. Mr. Carrillo does not offer other arguments or evidence suggesting that the agency should have given him notice of his appeal rights for his VEOA claims.

Finally, Mr. Carrillo argues that the Board should have applied *Kirkendall v. Dep't of Army,* 479 F.3d 830 (Fed. Cir. 2007) (en banc), in order to find equitable tolling applied to his VEOA claim as to the supervisor position. *Kirkendall* is distinguishable from Mr. Carrillo's case. In *Kirkendall,* this court found equitable tolling was

warranted when the DOL had taken more than sixty days to resolve Mr. Kirkendall's claim. 479 F.3d at 847 (holding that "[i]f the DOL is unable to resolve the complaint within another 60 days, the veteran may 'appeal the alleged violation to the [Board] in accordance with such procedures as the [Board] shall prescribe'") (quoting 5 U.S.C. § 3330a(d)). Mr. Carrillo does not contend that the DOL was responsible for the delay and, accordingly, *Kirkendall* is inapposite.

In light of the foregoing, the Board properly declined to apply equitable tolling to Mr. Carrillo's VEOA claim as to the supervisor position.

### III. USERRA Claims

Mr. Carrillo argues that the Board failed to consider his discrimination claims for both the supervisor and team-lead positions under USERRA. Relying on 5 U.S.C. § 3311(2), which requires that preference eligible candidates be credited for their service when experience is an element of qualification, Mr. Carrillo argues that "[a]ll noted experience in relation to the specific experience required by the job announcement is far exceeded. That information was simply ignored." Pet'r's Br. 5.

An employer violates USERRA "if it would not have taken the adverse employment action but for the employee's military service or obligation." *Erickson v. U.S. Postal Serv.*, 571 F.3d 1364, 1368 (Fed. Cir. 2009). Mr. Carrillo had the burden to show "by a preponderance of the evidence that his military service was a substantial or motivating factor for an adverse employment action." *Id.*

Mr. Carrillo identifies two inconsistent notices explaining his ineligibility for the supervisor position: a March 28, 2011, notice informing him that he was ineligible because he did not meet the time-in-grade requirements, and an October 18, 2011, notice explaining the March notice was in error and he was actually ineligible

because he did not meet the specialized experience requirements. Mr. Carrillo argued to the Board that the timing of the second notice was "suspect" because it was issued just one day after Mr. Carrillo filed his appeal relating to non-selection. App'x 41. The AJ agreed with Mr. Carrillo that the timing of the second amended notice was "suspect" but found it was "not preponderant evidence of improper discriminatory motivation." *Id.* The AJ further concluded that though preference eligibles are guaranteed the right to compete for a position, "it does not exempt them from the eligibility criteria . . . that are applicable to all candidates." *Id.* at 41–42.

The record supports the finding that Mr. Carrillo's military service had been credited, and not used to discriminate against him. Specifically, Ms. Bower was aware that Mr. Carrillo was a veteran, reviewed the relevant materials, and credited them under his experience. Ms. Bower made a statement that she evaluated Mr. Carrillo's application, including his military service, and found "he did not have the "requisite experience to qualify at the GS-14 level." *Id.*

Mr. Carrillo does not offer evidence that contradicts the Board's finding or that indicates the panel was otherwise motivated by an improper discriminatory motive as to the supervisor position. The Board's determination that Mr. Carrillo failed to substantiate his USERRA claim is therefore supported by substantial evidence.

With respect to the team-lead position, the record supports the AJ's finding that there was no discrimination based on Mr. Carrillo's military service. The panel averred that "they were impressed with [Ms. Masura's] answers to questions during the interview, and that the appellant's interview was not particularly remarkable." *Id.* at 44. Moreover, the panel stated that Ms. Masura's specialized CSP designation was important to them. *Id.* Substantial evidence thus support's the Board's determi-

nation that Mr. Carrillo was not discriminated against on the basis of his military service as to the team-lead position.

## CONCLUSION

We have considered the remainder of Mr. Carrillo's arguments and find them unpersuasive. For the foregoing reasons, we affirm the Board's final decision upholding Mr. Carrillo's nonselection for two positions at the Department of Homeland Security.

### **AFFIRMED**

No costs.