NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DONNA J. DEEM,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2014-3037

---

Petition for review of the Merit Systems Protection Board in No. SF0752120777-I-1.

---

Decided: July 17, 2014

---

DONNA J. DEEM, of San Francisco, California, pro se.

LINDSEY SCHRECKENGOST, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief was BRYAN G. POLISUK, General Counsel.

---

Before PROST, *Chief Judge,* SCHALL and HUGHES, *Circuit Judges.*

PER CURIAM.

Donna J. Deem appeals from a final order of the Merit Systems Protection Board ("Board") denying her petition for review of the Board's January 7, 2013 initial decision dismissing her involuntary resignation claim for lack of jurisdiction. *Deem v. Dep't of Homeland Sec.*, No. SF0752120777-I-1 (M.S.P.B. Sept. 26, 2013) ("*Final Order*"). For the reasons that follow, we affirm.

## BACKGROUND

Ms. Deem was previously employed as a Program Services Assistant in the Mission Support Division in the Federal Emergency Management Agency's ("FEMA") Region IX office. While employed in the Mission Support Division, Ms. Deem's supervisor was Debbie Lewis. Resp't App. 10. Ms. Deem claims that she was harassed, humiliated, and demeaned for over twelve years by Ms. Lewis. Resp't App. 54.

From January 11 to 15, 2010, Ms. Deem was placed in absence without leave status ("AWOL") for failure to submit medical documents to support her absence. Ms. Deem had called Ms. Lewis on the first day of her absence and submitted a doctor's note on the second day. Eventually, the status was converted to paid leave after a discussion with Ms. Deem's doctor. On February 10, 2010, Ms. Deem filed a formal complaint with the agency's Equal Employment Opportunity ("EEO") Counselor, alleging a hostile work environment and discrimination based on age, mental disability, and prior EEO activity based on having been placed on AWOL status. In her complaint she stated that "because of my illnesses and the way others react around me, I feel that it is almost impossible for me to continue working in the Region. I feel I'm being forced into retirement." Resp't App. 55.

That same month, after filing her EEO complaint, Ms. Deem agreed to transfer to a different division, the

Grants Division of Region IX, where Ms. Lewis would no longer be her supervisor. Resp't App. 11. Ten months later, on December 31, 2010, Ms. Deem retired. On August 16, 2012, the agency issued a final decision on her EEO complaint, concluding that she had not established the claimed discrimination.

On September 10, 2012, Ms. Deem filed an appeal with the Board alleging that her retirement was involuntary. The administrative judge issued an order informing Ms. Deem that the Board might not have jurisdiction over her appeal because her retirement was presumed voluntary and that she bore the burden of proof to show otherwise. In response to this order, Ms. Deem submitted a statement from a former coworker that included allegations and examples of Ms. Lewis's disparate treatment of Ms. Deem.

On January 7, 2013, the administrative judge concluded that Ms. Deem had failed to make a nonfrivolous allegation in support of the Board's jurisdiction. *Deem v. Dep't of Homeland Sec.*, No. SF0752120777-I-1 (M.S.P.B. Jan. 7, 2013) (*"Initial Decision"*). The administrative judge found that a reasonable person in her position would not have felt compelled to resign based on her work conditions. *Id.* at 5-6. She also found that Ms. Deem initiated her retirement ten months after she transferred to a different division and was no longer supervised by Ms. Lewis, which indicated the retirement was not due to Ms. Lewis's behavior during the time she was Ms. Deem's supervisor. *Id.* at 6. Ultimately, the administrative judge concluded that the Board lacked jurisdiction over Ms. Deem's appeal. *Id.*

Ms. Deem filed a petition for review of that decision with the Board and claimed that she had to retire because Ms. Lewis was determined to either make her "so sick [she] would die or force [her] into retirement." Resp't App. 31. On September 26, 2013, the Board affirmed the

administrative judge's decision and denied the petition for review. *Final Order* at 2. The Board also concluded that Ms. Deem did not prove that her working conditions during the ten months were so intolerable that a reasonable person in her position would have felt compelled to retire. *Id.* at 5.

Ms. Deem timely appealed the Board's final order. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of Board decisions is limited by statute. Under 5 U.S.C. § 7703(c), we may only reverse a Board decision if we find the decision to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law; or (3) unsupported by substantial evidence. *Ward v. U.S. Postal Serv.*, 634 F.3d 1274, 1278 (Fed. Cir. 2011). "The [Board's] determination that it lacked jurisdiction is a question of law that the court reviews de novo." *Bennett v. Merit Sys. Prot. Bd.*, 635 F.3d 1215, 1218 (Fed. Cir. 2011) (citing *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995)). "Before the Board, an appellant bears the burden of establishing board jurisdiction." *Fields v. Dep't of Justice*, 452 F.3d 1297, 1302 (Fed. Cir. 2006).

An employee-initiated resignation or retirement is presumed to be voluntary and therefore outside of the Board's jurisdiction. *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1329 (Fed. Cir. 2006) (en banc); 5 C.F.R. § 752.401(b)(9). The burden is on the appellant to present sufficient evidence to overcome this presumption. *Garcia*, 437 F.3d at 1329. To establish involuntariness by coercion an employee must show: "(1) the agency effectively imposed the terms of the employee's resignation or retirement; (2) the employee had no realistic alternative but to resign or retire; and (3) the employee's resignation or retirement was the result of improper acts by the agency."

*Shoaf v. Dep't of Agric.*, 260 F.3d 1336, 1341 (Fed. Cir. 2001). The test is objective rather than subjective. *Id.* at 1342. The employee must establish that a reasonable person confronted with the same circumstances would have felt forced to retire. *Id.*

Ms. Deem first argues that the Board erred by failing to take into account that she suffers from severe depression and post-traumatic stress disorder and the impact of the alleged hostile workplace on these already present medical conditions. We disagree. The Board first noted that the agency transferred Ms. Deem out of Ms. Lewis's supervision in February 2010 to address precisely those complaints. *Final Order* at 4. Moreover, the Board then considered Ms. Deem's working conditions after the transfer and—based on the record as a whole—concluded that she simply had not alleged "any facts to show that her working conditions between February and December 2010 were so intolerable such that a reasonable person in her position would have felt compelled to retire." *Final Order* at 5. For example, before the Board, Ms. Deem argued that she had difficulty learning the duties of her new position because of her stress. Resp't App. 30. However, as the Board noted, dissatisfaction with work assignments and difficult working conditions do not generally give rise to a claim of involuntary resignation. *See Final Order* at 5 (citing *Miller v. Dep't of Defense*, 85 M.S.P.R. 310 ¶ 32 (2000)).

Moreover, in reaching its determination, the Board gave particular weight to the fact that Ms. Deem had stayed in the new position for a full ten months after her transfer. *Id.* Indeed, we have previously noted that the amount of time between the employer's alleged behavior and the employee's retirement is highly probative as to whether an employee's retirement is involuntary. *Terban v. Dep't of Energy*, 216 F.3d 1021, 1024 (Fed. Cir. 2000). In one case, the time period between the final incident and the appellant's retirement was three weeks and the

court found this time period short enough to indicate involuntariness. *Bates v. Dep't of Justice*, 70 M.S.P.R. 659, 668 (1996). In contrast, a long period of time between the actions and the employee's retirement diminishes the causal link between the two events. *Terban*, 216 F.3d at 1024. The Board was therefore correct to note that the ten month time period in Ms. Deem's case diminishes the idea that her retirement was due to Ms. Lewis's behavior prior to the February 2010 transfer.

Ms. Deem's second argument is that the Board did not consider the indirect contact she had with Ms. Lewis in her new position during the ten months and therefore that the transfer did not improve her work conditions. Specifically, Ms. Deem states that after her transfer she was: (1) frequently called by Ms. Lewis's subordinates, (2) subjected to Ms. Lewis trying to create problems with her new supervisor, and (3) constantly sent to HR, where Ms. Lewis worked. *See* Pet'r Informal Br., question 4. Ms. Deem also submitted a letter from her doctor, Dr. Hasser, stating that Ms. Deem continued to have significant impairment in mental health symptoms after her transfer. *See id.*, attachments.

As an initial matter, Ms. Deem did not raise this argument before the Board and so it is waived. *Henry v. Dep't of the Navy*, 902 F.2d 949, 953 (Fed. Cir. 1990). But regardless, these allegations are insufficient to establish the Board's jurisdiction. The Board found that the agency initiated and Ms. Deem accepted a transfer to a position that no longer required her to work under Ms. Lewis's supervision a full ten months prior to her retirement. *Final Order* at 5. We conclude that in light of the fact that the agency successfully transferred Ms. Deem to a new situation where she had little, if any, contact with Ms. Lewis, the Board did not err in finding that the Government had provided an adequate solution to Ms. Lewis's disparate treatment of Ms. Deem.

We find no reason to conclude that the Board's findings were unsupported by substantial evidence or were not in accordance with law.

## CONCLUSION

For the foregoing reasons, we conclude that the Board correctly denied Ms. Deem's petition for review and affirmed the dismissal of her appeal for lack of jurisdiction. Accordingly, we affirm.

## **AFFIRMED**

### COSTS

Each party shall bear its own costs.