## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RENU B. LAL,

        Appellant,

        v.

DEPARTMENT OF HEALTH AND
   HUMAN SERVICES,

        Agency.

DOCKET NUMBER
DC-0752-14-0852-I-1

DATE: March 25, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>George M. Chuzi</u>, Esquire, Washington, D.C., for the appellant.

<u>Julie A. Sammons</u>, Esquire, Atlanta, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order, we AFFIRM the initial decision.

## BACKGROUND

¶2      The appellant was appointed as a Distinguished Consultant in the excepted service pursuant to 42 U.S.C. § 209(f).[2] Initial Appeal File (IAF), Tab 5 at 10-11. Having notified the appellant that she may be terminated and that she did not have Board appeal rights, *id.* at 10, the agency terminated her employment without providing her with notice of the termination or a right to respond, *id.* at 8-9. The appellant appealed her termination to the Board, arguing that she was entitled to notice and an opportunity to respond prior to her termination. IAF, Tab 1. After providing the parties an opportunity to respond to the issue of jurisdiction, IAF, Tab 8, the administrative judge dismissed the appeal for lack of jurisdiction, IAF, Tab 12, Initial Decision (ID). Specifically, the administrative judge found no jurisdiction over the appeal because the appellant was appointed under 42 U.S.C. § 209(f) and was therefore excluded from Title 5 provisions with respect to both appointment and removal in accordance with 5 C.F.R.

---

[2] Section 209(f) provides, "In accordance with regulations, special consultants may be employed to assist and advise in the operations of the Service. Such consultants may be appointed without regard to the civil-service laws." 42 U.S.C. § 209(f).

§ 752.401(d)(12), which states that chapter 5 adverse action procedures do not apply to "[a]n employee whose agency or position has been excluded from the appointing provisions of title 5, United States Code, by separate statutory authority in the absence of any provision to place the employee within the coverage of chapter 75 of title 5, United States Code." ID at 4-6.

¶3 The appellant has petitioned for review. Petition for Review (PFR) File, Tab 2. In her petition for review, as below, the appellant asserts that she was an employee (as defined by 5 U.S.C. § 7511) with Board appeal rights and that the Board has misinterpreted both the statute governing her appointment and Office of Personnel Management (OPM) regulations. PFR File, Tab 2, Tab 7; *see* IAF, Tab 9, Tab 11. The agency responds, as below, that the appellant's appointment was "without regard to the civil-service laws" and that she therefore does not have Board appeal rights with respect to her termination. PFR File, Tab 6; *see* IAF, Tab 10.[3]

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board lacks jurisdiction over this appeal because appointees under 42 U.S.C. § 209(f) do not have adverse action appeal rights.

¶4 The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant bears the burden of proving by preponderant evidence that the Board has jurisdiction

---

[3] The appellant has submitted a motion asking for leave to file an additional pleading concerning the U.S. Court of Appeals for the Federal Circuit's decision in *Archuleta v. Hopper*, 773 F.3d 1289 (Fed. Cir. 2014), which was decided after she filed her reply. PFR File, Tab 9. We find that it is not necessary for the appellant to file an additional pleading because we have independently considered the Federal Circuit's decision in *Hopper*, and we find that it does not affect the outcome of this appeal. *See infra* ¶ 14 n.8.

over her appeal.[4] *Swango v. Department of Veterans Affairs*, 59 M.S.P.R. 235, 241 (1993). The appellant is not a preference eligible and was employed in the excepted service. IAF, Tab 5 at 11. Accordingly, the Board has jurisdiction over the appeal of her termination only if she was an "employee" as defined by 5 U.S.C. § 7511(a)(1) and her status as an "employee" was not otherwise excluded by 5 U.S.C. § 7511(b).[5]

¶5       For the reasons outlined below, we clarify that the Board does not have jurisdiction over this appeal because the applicable statute excludes her removal from our jurisdiction. As noted above, the appellant was appointed pursuant to 42 U.S.C. § 209(f), which provides for appointment of "special consultants" that "may be appointed without regard to the civil-service laws." The appellant argues, based upon the language of the statute, that the statute only excludes her appointment, and not her removal, from the civil-service laws. PFR File, Tab 2 at 4.

¶6       "[S]tatutory construction begins with the language of the statute itself." *Van Wersch v. Department of Health & Human Services*, 197 F.3d 1144, 1148 (Fed. Cir. 1999). However, when the language of the statute is unclear, legislative history may be used to inform the statutory interpretation. *See Bennett v. Merit Systems Protection Board*, 635 F.3d 1215, 1218-21 (Fed. Cir. 2011). The Board has previously examined the history and both the statutory and regulatory context of the appointment statute at issue here to determine the meaning of the phrase "without regard to the civil-service laws." *Fishbein v. Department of Health & Human Services*, 102 M.S.P.R. 4, ¶¶ 9-10, 17 (2006). The Board held in *Fishbein* that the statute was intended to provide the agency with "flexible

---

[4] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.56(c)(2).

[5] The administrative judge correctly determined that an acknowledgement signed by the appellant does not affect our determination as to jurisdiction. ID at 3-4 (citing *Metzenbaum v. General Services Administration*, 96 M.S.P.R. 104, ¶ 9 (2004)).

hiring authority to meet its specialized needs." *Fishbein*, [102 M.S.P.R. 4](), ¶ 9. In *Fishbein*, the Board also found that the appellant lacked the right to bring an adverse action appeal concerning the termination of his appointment because his appointment was not subject to the appointing provisions of Title 5. *Id*., ¶ 17.

¶7        The Board in *Fishbein* cited two prior Board decisions interpreting similar statutory provisions in support of its holding that employees appointed under [42 U.S.C. § 209](f) lack adverse action appeal rights. *Id.* (citing *Chavez v. Department of Veterans Affairs*, [65 M.S.P.R. 590](), 593-94 (1994), and *Cummings v. General Services Administration (National Archives Trust Fund)*, [5 M.S.P.R. 47](), 48-49 (1981)). The appellant argues that those decisions do not support the Board's interpretation of [42 U.S.C. § 209](f) in *Fishbein*. PFR File, Tab 2 at 19-24. She also argues that decisions of our reviewing court support the conclusion that section 209(f) does not exclude chapter 75 appeal rights. For the reasons set forth below, we disagree.

¶8        The appellant argues that the Board's decision in *Cummings* was based upon its mistaken deference to the agency's regulatory interpretation as opposed to an interpretation of the appointment statute itself. PFR File, Tab 2 at 19. Mr. Cummings was appointed pursuant to [44 U.S.C. § 2302](2), which provided that the National Archives Trust Fund Board was authorized to "appoint . . . without regard to the civil-service laws, necessary employees, and fix their duties." *Cummings*, 5 M.S.P.R. at 48. The Board noted that the agency had interpreted that statutory language to exclude chapter 75 appeal rights and that Congress chose not to act to correct the agency's interpretation. *Id*. at 49. The Board held that the appellant had "no statutory right of appeal to the Board." *Id*. Thus, contrary to the appellant's argument, the Board's holding in *Cummings* was based upon statutory interpretation. It was therefore appropriate for the Board to rely upon *Cummings* to inform its interpretation of [42 U.S.C. § 209](f) in *Fishbein*.

¶9        The appellant also challenges the Board's interpretation of the appointment statute in *Chavez*. PFR File, Tab 2 at 20-23. Ms. Chavez was appointed pursuant to 38 U.S.C. § 4202 (current version at 38 U.S.C. § 7802), which provided, "Personnel necessary for the transaction of the business of the Service . . . shall be appointed, compensated from funds of the Service, and removed by the Secretary without regard to the provisions of title 5 governing appointments in the competitive service and chapter 51 and subchapter III of chapter 53 of title 5." *Chavez*, 65 M.S.P.R. at 593 (citing 38 U.S.C. § 4202). The appellant argues that the inclusion of "removal" in the appointment statute differentiates *Chavez* from this case. PFR File, Tab 2 at 17. The appellant also cites the decision of the Federal Circuit in *Todd v. Merit Systems Protection Board*, 55 F.3d 1574 (Fed. Cir. 1995). PFR File, Tab 2 at 22-23. Ms. Todd was appointed under 20 U.S.C. § 241(a) (1988 & Supp. V 1993) (repealed 1994), which provided for employment of personnel "without regard to the Civil Service Act and rules and the following: . . . (4) sections . . . 7511, 7512, and 7701 of Title 5." The appellant argues that because the court in *Todd* relied upon the statute's reference to chapter 75 and not merely upon the more general reference to the Civil Service Act, reference to the latter without the former is insufficient to exclude adverse action appeal rights. PFR File, Tab 2 at 22-23. In addition, the appellant cites *King v. Briggs*, 83 F.3d 1384 (Fed. Cir. 1996), for the proposition that statutes providing for appointments "without regard to the civil-service laws," will not, without more, foreclose adverse action appeal rights. PFR File, Tab 2 at 23. The appointment statute in *Briggs* provided for appointment "without regard to the provisions of Title 5 governing appointments in the competitive service, or the provisions . . . of such title relating to classification and General Schedule pay rates." 29 U.S.C. § 783(a)(1)(1994).

¶10     The appellant is correct that the inclusion of "removal" in the original statute differentiates *Chavez* from this case.[6]  *See Chavez*, 65 M.S.P.R. 590, 593 (citing Pub. L. No. 79-636, § 2(e), 1946 U.S.C.C.A.N. 853, 854).  The appellant is also correct that the appointment statute in *Todd* included a specific reference to chapter 75.  *See Todd*, 55 F.3d at 1577 (citing 20 U.S.C. § 241(a) (repealed 1994)).  However, we are not persuaded that either *Chavez* or *Todd* stands for the proposition that certain statutory language or citations are required in order to exclude adverse action appeal rights.  Regarding *Briggs*, the Federal Circuit held that the appointment statute at issue in that case afforded adverse action appeal rights because it excluded certain portions of Title 5 but did not specifically exclude chapters 75 and 77.  *Briggs*, 83 F.3d at 1388-89.  The Federal Circuit in *Briggs* invoked the maxim "expressio unius est exclusio alterius," *id*. at 1388, which provides that, where a statute enumerates certain exceptions to a general rule, it is preferable not to interpret the statute as containing other unenumerated exceptions, *see Edwards v. Department of Homeland Security*, 110 M.S.P.R. 243, ¶ 13 (2008).  In contrast to the appointing statute in *Briggs*, the generalized exclusion of "the civil-service laws" contained in 42 U.S.C. § 209(f) is not subject to the same maxim of statutory interpretation.  We therefore find that our interpretation of section 209(f) is consistent with Federal Circuit precedent.

The Civil Service Due Process Amendments did not extend appeal rights to appointees under 42 U.S.C. § 209(f).

¶11     Next, the appellant argues that the Civil Service Due Process Amendments of 1990 (the Amendments) extended Board appeal rights to those appointed under 42 U.S.C. § 209(f).  PFR File, Tab 2 at 10-13.  Congress passed the Amendments to provide Board appeal rights to certain nonpreference-eligible excepted service employees.  Pub. L. No. 101-376, 104 Stat. 461 (1990) (codified

---

[6] This distinction is also supported by the Federal Circuit's decision in *Bennett* which interpreted the same statute.  *Bennett*, 635 F.3d at 1219-20 (finding that the Secretary's authority to remove employees under the appointment statute in *Chavez* distinguished *Chavez* from *Briggs* where such authority was not specified).

at 5 U.S.C. §§ 4303, 7511, 7701).  The Amendments, as codified, expand the definition of employee to include:

> [A]n individual in the excepted service (other than a preference eligible)—(i) who is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or (ii) who has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less.

5 U.S.C. § 7511(a)(1)(C).  The Amendments also specifically excluded certain categories of employees but did not specifically exclude those appointed under 42 U.S.C. § 209(f).  5 U.S.C. § 7511(b).

¶12    The appellant cites to the House Report relating to the passage of the Amendments to argue that the Amendments were intended to extend Board appeal rights to her, as a scientist.  PFR File, Tab 2 at 12-18 (citing H.R. Rep. No. 101-328 (1989), *reprinted in* 1990 U.S.C.C.A.N. 695).  The report outlines that, although certain excepted service employees had already been granted appeal rights, or were excluded from appeal rights either based upon their employing agency or by virtue of a political or temporary appointment, "[t]he balance are attorneys, physicians, teachers . . . chaplains and scientists to whom this bill applies."  H.R. Rep. No.101-328 at 3.  In response, the agency argues that a general reference in the House Report to expanding appeal rights to appointees, such as scientists, does not imply that Congress had a general intent to extend appeal rights to all excepted service employees.  PFR File, Tab 6 at 13.  The agency also argues that principles of statutory construction disfavor repeal by implication such as that urged by the appellant.  *Id*. (citing *Rodriguez v. United States*, 480 U.S. 522, 524 (1987)).

¶13    We agree with the agency that the Amendments were not intended to extend appeal rights to appointees under 42 U.S.C. § 209(f).  In *Todd*, 55 F.3d at 1577, the Federal Circuit found that the Amendments did not implicitly repeal the statute under which *Todd* had been appointed (20 U.S.C. § 241(a) (repealed

1994)) because nothing in 5 U.S.C. § 7511 indicated that it was meant to substitute for or override the appointment statute. Similarly, there is no indication that the Amendments intended to extend appeal rights to appointees under 42 U.S.C. § 209(f) by repealing the previous denial of such rights. Accordingly, we find that the Amendments did not extend Board appeal rights to the appellant.

The exclusion of Board appeal rights for appointees under 42 U.S.C. § 209(f) is consistent with OPM's regulation at 5 C.F.R. § 752.401(d)(12).

¶14    Lastly, although our decision is based upon our interpretation of 42 U.S.C. § 209(f), we note that our interpretation is consistent with OPM's regulation on the matter.[7] The relevant regulation, 5 C.F.R. § 752.401(d)(12), provides that adverse action appeal rights are not afforded to an employee whose "position has been excluded from the appointing provisions of title 5, United States Code, by separate statutory authority in the absence of any provision to place the employee within the coverage of chapter 75 of title 5, United States Code." Although the appellant has challenged the validity of this regulation, PFR File, Tab 2 at 26-32, we do not invalidate the regulation as the Federal Circuit has indicated that it is a permissible interpretation of statute, *see Bennett*, 635 F.3d at 1221.[8] Consistent with 5 C.F.R. § 752.401(d)(12), we find that the appellant's position is excluded from the appointing provisions of Tile 5 and therefore, she is excluded from adverse action appeal rights.

---

[7] In his initial decision, the administrative judge stated that "the Board has affirmed the application of Section 752.402(d)(12) to 42 U.S.C. § 209(f) holding that such persons are excluded from title 5's provisions for both appointment and removal," and found that the Board lacks jurisdiction over this appeal. ID at 5-6. To the extent that the administrative judge relied upon OPM's regulation at 5 C.F.R. § 752.401(d)(12), as opposed to the statute itself, as the basis for finding that the Board lacks jurisdiction we MODIFY the initial decision.

[8] The Federal Circuit recently held that OPM's regulations at 5 C.F.R. §§ 731.203(f) and 752.401(b)(10), which excluded suitability determinations from the actions covered by chapter 75, were invalid. *Archuleta*, 773 F.3d at 1298 n.5. However, the Federal Circuit did not address the validity of 5 C.F.R. § 752.401(d)(12) in that case.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.