NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NATHANIEL COOPER,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2011-3240

---

Petition for review of the Merit Systems Protection Board in Case No. DC1221110320-W-1.

---

Decided: March 12, 2012

---

NATHANIEL COOPER, of Charlotte, North Carolina, pro se.

LINDSEY SCHRECKENGOST, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, D.C. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before BRYSON, DYK, and MOORE, *Circuit Judges*.

PER CURIAM.

## DECISION

Nathaniel Cooper petitions for review of a final order of the Merit Systems Protection Board, which dismissed his Individual Right of Action ("IRA") for lack of jurisdiction. We affirm.

## BACKGROUND

Mr. Cooper resigned from his position as a Staff Accountant at the Military District of Washington on June 28, 1993. On January 8, 2011, Mr. Cooper filed an appeal with the Board labeled "Individual Right of Action: Whistleblower Appeal." As a former federal employee, Mr. Cooper is entitled to file an IRA with the Merit Systems Protection Board seeking correction of personnel action taken in retaliation for whistleblowing. 5 U.S.C. § 1221. Before an IRA may be brought, however, the claimant must exhaust his administrative remedies before the Office of Special Counsel ("OSC"). 5 U.S.C. § 1214(a)(3).

The administrative judge who was assigned to Mr. Cooper's case issued a show cause order, directing Mr. Cooper to show that the Board had jurisdiction over his claim. The order directed Mr. Cooper to file evidence and argument detailing each alleged protected disclosure and each personnel action being appealed. The order also directed Mr. Cooper to include a copy of his OSC complaint in order to establish that he had exhausted his administrative remedies before the OSC.

In response to the order to show cause, Mr. Cooper submitted a copy of the letter in which the OSC advised

Mr. Cooper that it was closing its investigation, but he did not submit a copy of his OSC complaint or any other evidence that would show what disclosures and personnel actions he raised before the OSC. Accordingly, the administrative judge found that Mr. Cooper failed to show that he had exhausted his administrative remedies.

The administrative judge also found that Mr. Cooper failed to make nonfrivolous allegations that he engaged in whistleblowing activity by making a disclosure protected under 5 U.S.C. § 2302(b)(8), and that the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action against him, as defined by 5 U.S.C. § 2302(a). *See Yunus v. Dep't of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). The administrative judge found that Mr. Cooper "failed to describe the information he disclosed or identify the individual or individuals to whom his disclosures were made." Because of those deficiencies, the administrative judge found that Mr. Cooper failed to make a nonfrivolous allegation that he engaged in protected whistleblowing activity. In addition, the administrative judge found that Mr. Cooper failed to make a nonfrivolous allegation that his disclosures were a contributing factor in any agency personnel action. While Mr. Cooper listed various agency actions to which he objected, the administrative judge found that he "did not identify the individual or individuals he considers responsible for any of these actions or provide any evidence that the responsible individuals knew of his disclosures and that the personnel actions occurred within a period of time such that a reasonable person could conclude that the disclosures were a contributing factor in the personnel action." The administrative judge therefore concluded that the Board lacked jurisdiction over Mr. Cooper's appeal.

Mr. Cooper filed a petition for review, which the full Board denied. In its opinion denying the petition for review, the Board stated that it agreed with the administrative judge's conclusion that Mr. Cooper had failed to show that he had exhausted his OSC remedies. The Board noted that Mr. Cooper had "neither submitted a copy of his OSC complaint nor submitted other correspondence that he exchanged with OSC enumerating the alleged protected disclosures and personnel actions underlying his OSC complaint." The Board noted that the "OSC closure letter submitted by the appellant merely states that OSC was closing its file." The Board did not address the other jurisdictional issues on which the administrative judge based her decision to dismiss the IRA.

## DISCUSSION

On appeal, Mr. Cooper has not shown that the administrative judge committed error in ruling that Mr. Cooper failed to establish that he exhausted his administrative remedies. Mr. Cooper did not submit his OSC complaint to the administrative judge as directed, nor did he submit any other evidence that would show what was contained in his OSC complaint. Without the OSC complaint or other information regarding his submissions to the OSC, it is impossible to determine what disclosures he made to the OSC and therefore whether he exhausted his administrative remedies. The letter from the OSC in which the OSC advised Mr. Cooper that it was closing its investigation does not serve that purpose, because it did not identify the claims that he raised with the OSC. To demonstrate exhaustion of his remedies, Mr. Cooper must show not only that he made a complaint to OSC, but that the disclosures and personnel actions alleged in that complaint match the allegations made to the Board.

Because Mr. Cooper failed to show that he exhausted his administrative remedies, the administrative judge properly dismissed his IRA for lack of jurisdiction.

No costs.

**AFFIRMED**