NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TRACY LEHR,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2019-1677

---

Petition for review of the Merit Systems Protection Board in No. CH-1221-19-0002-W-1.

---

Decided:  February 7, 2020

---

JAMES SOLOMON, Solomon, Maharaj & Kasimati, P.A., Tampa, FL, for petitioner.

STEPHEN FUNG, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by KATHERINE MICHELLE SMITH, TRISTAN LEAVITT.

---

Before PROST, *Chief Judge*, SCHALL and WALLACH, *Circuit Judges.*

PROST, *Chief Judge.*

Tracy Lehr petitions for review of a Merit Systems Protection Board ("Board") decision dismissing her Individual Right of Action ("IRA") appeal for lack of jurisdiction. *See Lehr v. Dep't of Veteran Affairs*, No. CH-1221-19-0002-W-1, 2018 WL 6682330 (M.S.P.B. Dec. 13, 2018) ("*Decision*"). We affirm.

I

Ms. Lehr, who was, and still is represented by counsel, filed an IRA appeal with the Board raising allegations that she had been subjected to adverse personnel actions because of protected whistleblower disclosures. An administrative judge ("AJ") entered an Order on Jurisdiction and Proof Requirements ("Order"). The Order stated that "[t]here is a question whether this appeal is within the Board's jurisdiction." J.A. 66 (emphasis removed). The Order therefore required Ms. Lehr to show that she had exhausted her administrative remedies at the Office of Special Counsel ("OSC") and that she raised non-frivolous allegations regarding her whistleblower-related activity, both of which are required for the Board to have jurisdiction over the IRA appeal. J.A. 67, 72. The Order also stated that the AJ "will review only those alleged disclosures and personnel actions that were specifically raised to and exhausted at OSC." J.A. 67.

Ms. Lehr responded to the Order by filing a response (the "response") with two attachments. She described these attachments as: (1) "the letter from OSC notifying [Ms. Lehr] of her [IRA] to appeal to the Board," (the "closure letter"); and (2) Ms. Lehr's "complaint to OSC." J.A. 81–82. Of relevance to this petition for review, in the complaint to OSC, in response to a box labelled "A. What Information Was Disclosed?," only the following appeared:

> **A. WHAT INFORMATION WAS DISCLOSED?**
> *(DESCRIBE WHISTLEBLOWER DISCLOSURE).*
>
> I am Tracy J. Lehr, R.T. (R) QA/PACS Administrator for the Marion VAMC, Marion, IL. I have been employed by the Marion VAMC for 18 years without a blemish on my record.
>
> Sometime in April of 2016, the Marion VAMC hired a new radiologist for the imaging department. Dr. Leskosky, M.D. is pleasant, knowledgeable, team oriented, and motivated to always have the veterans well being in the forefront of his actions. Dr. Teresa King, DO, imaging service chief, was delighted that Dr. Leskosky was willing and capable of mending the professional relationship of the radiology department and facility providers. Which he successfully accomplished. Dr. Leskosky having worked more recently in the outside sector was more up to date than Dr. King, imaging's other radiologists, and facilities clinicians on the standards of care.

J.A. 91.

The Department of Veterans Affairs ("Agency") responded requesting the AJ "to enter an **Order of Dismissal** for want of jurisdiction pursuant to" the Order. J.A. 109 (emphasis in original). The Agency noted that the submitted OSC complaint "merely describes the whistleblower disclosure" as the hiring of Dr. Leskosky. J.A. 110.

The AJ issued an initial decision dismissing the IRA appeal for lack of jurisdiction. The AJ first noted that the closure letter "refer[red] to [Ms. Lehr's] alleged disclosures broadly, stating that they regard 'fraud and patient safety concerns.'" *Decision*, slip op. at 3. The AJ then noted that the OSC complaint's "sole disclosure" was related to the hiring of Dr. Leskosky. *Id.* The AJ also noted that the OSC complaint "generally claim[ed] that veterans' reports were erroneous" and that the "record contain[ed] no other documents or any other evidence of any additional communications between [Ms. Lehr] and OSC." *Id.*

The AJ then determined that the sole disclosure (i.e., the hiring of Dr. Leskosky) failed to meet the standards of

a protected whistleblower disclosure. *Id.* at 4 (citing 5 U.S.C. § 2302(b)(8)). Next the AJ found that the closure letter's summation concerning "'fraud and patient safety concerns' [was] too vague and too broad to evidence wrongdoing." *Id.* Ultimately, the AJ dismissed the appeal because Ms. Lehr "failed to meet her burden of proving by preponderant evidence that the Board has jurisdiction to hear her IRA appeal." *Id.* 4–5.

The initial decision became the Board's final decision and Ms. Lehr petitioned for our review. We have jurisdiction under 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

## II

On petition for review, Ms. Lehr argues that her IRA appeal was improperly dismissed for lack of jurisdiction. She contends that the AJ incorrectly interpreted her complaint to OSC and that the AJ's conclusions were incorrect and unsupported. *See, e.g.*, Pet'r's Br. 5–6, 15–16, 21–23. We address these arguments below.

## A

This court must affirm the Board's decision unless the decision is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). The Board's determination that it lacked jurisdiction is a question of law that we review de novo. *Bennett v. Merit Sys. Prot. Bd.*, 635 F.3d 1215, 1218 (Fed. Cir. 2011). The petitioner bears the burden of proving the Board's jurisdiction over her appeal by a preponderance of the evidence. *Id.* "[A]lthough we may review freely the Board's conclusion that it did not have jurisdiction . . . we are bound by the AJ's factual determinations unless those findings are not supported by

substantial evidence." *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998).

The Board has jurisdiction over an IRA appeal "if the appellant has exhausted [her] administrative remedies before the OSC and makes 'non-frivolous allegations' of whistleblowing activity with evidence that the disclosure was a contributing factor in the agency's personnel action." *Kalil v. Dep't of Agric.,* 479 F.3d 821, 824 (Fed. Cir. 2007). In order "[t]o demonstrate exhaustion of [her] remedies, [an appellant] must show not only that [she] made a complaint to OSC, but that the disclosures and personnel actions alleged in that complaint match the allegations made to the Board." *Cooper v. Merit Sys. Prot. Bd.*, 468 F. App'x 977, 979 (Fed. Cir. 2012). An allegation is non-frivolous if it: "(1) [i]s more than conclusory; (2) [i]s plausible on its face; and (3) [i]s material to the legal issues in the appeal." 5 C.F.R. § 1201.4(s).

B

Ms. Lehr first argues that the AJ incorrectly interpreted the OSC complaint she submitted in response to the Order. She contends that the AJ "failed to consider the additional three pages of electronic text contained in text box 'A'" in her submission and that the AJ should have known that the "'+' sign in the corner of the text box . . . denote[d] additional text [was] attached." Pet'r's Br. 5, 14–15. She also contends that the AJ improperly denied her request to submit additional evidence prior to rendering a decision and that the AJ should have first provided her notice that her response was deficient. *Id.* at 6, 22–23.

Ms. Lehr's arguments, however, ignore that the additional three pages of the OSC complaint never became part of the record. Having not included the additional three pages, Ms. Lehr failed to show that the disclosures made in her OSC complaint match the disclosures she made in her IRA appeal. *See Bennett*, 635 F.3d at 1218 ("the petitioner . . . bears the burden of proving the MSPB's

jurisdiction over her appeal by a preponderance of the evidence"). Instead, based on what was submitted, the AJ found Ms. Lehr only proved she exhausted her administrative remedies for one disclosure—the hiring of Dr. Leskosky. Based on Ms. Lehr's submissions in response to the Order, we conclude that substantial evidence supports the AJ's finding that the only disclosure Ms. Lehr proved to have raised to OSC was the hiring of Dr. Leskosky.[1]

Further, as the Government points out, and Ms. Lehr does not rebut, Ms. Lehr does not cite to any part of the record to show that she requested the opportunity to submit additional evidence prior to the AJ rendering a decision. *See* Resp't's Br. 23 n.6.[2] Rather, Ms. Lehr only cites to a motion for reconsideration which was received on the same day that the AJ rendered her decision. *See* Pet'r's Br. 22–23 (citing J.A. 766). In addition, Ms. Lehr cites to

---

[1] Ms. Lehr and her counsel were apparently aware that the response omitted the additional three pages of the OSC complaint. Specifically, Ms. Lehr admits to having "only retained" the incomplete "copy" of the OSC complaint that was attached to the response, and to requesting, through the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2012), a complete copy of the OSC complaint the day before filing the response. Pet'r's Br. 5 n.1. Yet, in the response, Ms. Lehr's counsel failed to apprise the AJ of Ms. Lehr's pending FOIA request or the additional three pages of the OSC complaint omitted from the response, or to otherwise supplement the response with an "affidavit, sworn statement, or declaration" as was expressly permitted. J.A. 72–73. *See generally* J.A. 81–82. Unfortunately, the failure of Ms. Lehr's counsel prevents Ms. Lehr from moving forward.

[2] In fact, Ms. Lehr's counsel did not submit a Reply brief in this appeal.

*Cahill v. Merit Systems Protection Board*, 821 F.3d 1370 (Fed. Cir. 2016), for the proposition that "the Board should have given notice of the suspected deficiencies." Pet'r's Br. 6. We find the reference to *Cahill* unpersuasive. First, in *Cahill* "there [was] no dispute about exhaustion." *Cahill*, 821 F.3d at 1373. Further, *Cahill* focused on how the *agency* (not the AJ) challenged some elements of the petitioner's allegations, but did not challenge the particular element that the AJ later found deficient. *See id.* at 1375–76. In *Cahill*, we emphasized that the agency's silence suggested that the agency did not find the particular element deficient. *Id.* Here, however, the Agency did challenge the sufficiency of Ms. Lehr's submission. For example, the Agency requested "an Order of Dismissal for want of jurisdiction." J.A. 109 (emphasis removed). The Agency also pointed out that the disclosure in the submitted OSC complaint "merely describe[d]" the hiring of Dr. Leskosky and that the "Agency was unable to locate other disclosures in the OSC complaint form itself." J.A. 110 & n.1. Accordingly, we do not find that *Cahill* supports Ms. Lehr's arguments.

C

Ms. Lehr argues that the AJ incorrectly found that "no disinterested observer with knowledge *of this alleged disclosure* could reasonably conclude it evidences the type of wrongdoings protected under the WPEA [Whistleblower Protection Enhancement Act]." Pet'r's Br. 15 (emphasis added). She also argues that the AJ incorrectly found that the closure letter's "summation of [Ms. Lehr's] disclosures concerning 'fraud and patient safety concerns' was too vague and too broad to evidence wrongdoing." *Id.* at 15–16, 22.

With respect to "this alleged disclosure," Ms. Lehr does not explain how a disinterested observer could conclude that the hiring of Dr. Leskosky evidences the type of wrongdoing that the WPEA is intended to protect against.

Ms. Lehr also does not describe why the AJ erred in finding that the closure letter's general reference of "fraud and patient safety concerns" was "too vague and too broad to evidence wrongdoing." For example, she neither argues nor attempts to explain how the closure letter matches the allegations in her IRA appeal. Instead, Ms. Lehr states that she "would have clearly been able to further elaborate on her disclosures if given the opportunity." *See id.* at 22. This argument, even if true, does not cure the deficiencies and does not demonstrate that the closure letter is not too vague and too broad to evidence wrongdoing. *See also Cooper*, 468 F. App'x at 979 (finding a "letter from the OSC in which the OSC advised [the petitioner] that it was closing its investigation does not serve [the] purpose" of establishing what disclosures were made to the OSC). We therefore see no reason to disturb the AJ's findings.

## III

We have considered the other arguments raised by Ms. Lehr and find them unpersuasive. For the foregoing reasons we affirm.

### AFFIRMED

### COSTS

The parties shall bear their own costs.